## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LUKA MILOSAVLJEVIC, STEPHANIE JONES, and GUILHERME PARREIRAS, on behalf of themselves and others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> CASA CRUZ 61, LLC d/b/a CASA CRUZ, and JUAN SANTA CRUZ, <br><br> Defendants. | Civil Case No.: 1:25-cv-3490 <br><br> **COLLECTIVE AND CLASS ACTION COMPLAINT** <br><br> **JURY TRIAL DEMANDED** |

Plaintiffs Stephanie Jones ("Jones"), Guilherme Parreiras ("Parreiras"), and Luka Milosavljevic ("Milosavljevic") (together, "Plaintiffs"), by and through their attorneys, Faruqi & Faruqi, LLP, and on behalf of themselves and others similarly situated, hereby allege as follows against Defendants Casa Cruz 61, LLC d/b/a Casa Cruz ("Casa Cruz" or the "Restaurant") and Juan Santa Cruz ("Santa Cruz") (together, "Defendants"):

## NATURE OF THE CLAIMS

1.      Defendants own and operate a restaurant, lounge, and event space in New York, New York, doing business under the name "Casa Cruz."

2.      Defendants engage in a common, willful, and deliberate policy and practice of denying Plaintiffs and other similarly situated Waitstaff (defined *infra* at ¶ 32) minimum and overtime wages by improperly paying them at a "tipped" minimum wage rate without satisfying the strict tip credit requirements of the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL").

3.      Defendants also engage in a common, willful, and deliberate policy and practice of illegally retaining gratuities.

1

4.      Defendants have also consistently failed to furnish Waitstaff with NYLL compliant Notices of Pay Rate and accurate wage statements, as required by law.

5.      Jones', Parreiras', and Milosavljevic's claims against Defendants to redress these wrongs are brought, in part, under the FLSA as a collective action, pursuant to 29 U.S.C. § 216(b), and applicable regulations thereunder, on behalf of themselves and all other similarly situated Waitstaff employed by Defendants at any time during the full statute of limitations period.

6.      Plaintiffs' claims are also brought, in part, under the NYLL, and applicable regulations thereunder, as a class action, pursuant to Federal Rule of Civil Procedure ("FRCP") 23, on behalf of themselves and all other similarly situated Waitstaff employed by Defendants at any time during the full statute of limitations period.

## JURISDICTION AND VENUE

7.      Pursuant to 28 U.S.C. §§ 1331 and 1343, the Court has subject matter jurisdiction over this action because it involves federal questions regarding the deprivation of Plaintiffs' rights under the FLSA.

8.      The Court also has supplemental jurisdiction over Plaintiffs' related claims arising under State law pursuant to 28 U.S.C. § 1367.

9.      Venue is proper under 28 U.S.C. § 1391 because Defendants' principal place of business is located in this District and a substantial portion of the events or omissions giving rise to this action occurred in this District.

## PARTIES

### A.    Luka Milosavljevic

10.     Milosavljevic is a resident of New York State and was employed by Defendants from on or around October 17, 2022 until on or about October 20, 2024.

11.     At all relevant times, Milosavljevic was an "employee" of Defendants within the meaning of all applicable statutes and regulations.

**B.     <u>Plaintiff Stephanie Jones</u>**

12.     Jones is a resident of New York State and was employed by Defendants from on or around April 29, 2024, until on or about December 29, 2024.

13.     At all relevant times, Jones was an "employee" of Defendants within the meaning of all applicable statutes and regulations.

**C.     <u>Plaintiff Guilherme Parreiras</u>**

14.     Parreiras is a resident of New York State and was employed by Defendants from on or around May 10, 2024 until on or about January 5, 2025.

15.     At all relevant times, Parreiras was an "employee" of Defendants within the meaning of all applicable statutes and regulations.

**D.     <u>Defendant Casa Cruz 61, LLC d/b/a Casa Cruz</u>**

16.     Casa Cruz 61, LLC d/b/a Casa Cruz is a foreign limited liability company with its principal place of business located at 36 East 61st Street, New York, New York 10065.

17.     At all relevant times, Casa Cruz controlled and directed the terms of employment and compensation of Plaintiffs and all others similarly situated.

18.     At all relevant times, Casa Cruz established, implemented, disseminated, and controlled the employment policies applicable to Plaintiffs and all others similarly situated, including, *inter alia*, scheduling, work allocation, task supervision, monitoring work product, payroll, and other employment practices applicable to Plaintiffs and all others similarly situated.

19.     At all relevant times, Casa Cruz maintained and exercised its power to hire, fire, discipline, and promote Plaintiffs and all others similarly situated.

20.     At all relevant times, Casa Cruz was an "employer" of Plaintiffs, and all others similarly situated within the meaning of all applicable statutes and regulations.

21.     At all relevant times, Casa Cruz was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA and NYLL and the regulations thereunder.

22.     Upon information and belief, at all relevant times Casa Cruz had an annual gross volume of sales in excess of $500,000.00.

**E.     Defendant Juan Santa Cruz**

23.     Defendant Juan Santa Cruz is the Founder and Owner of Casa Cruz and is a resident of New York State.

24.     Casa Cruz is part of a portfolio of hospitality venues located in London, United Kingdom and in Buenos Aires, Argentina that were founded and are owned by Santa Cruz.

25.     At all relevant times, Santa Cruz maintained and maintains operational control of Casa Cruz, possessed and possesses an ownership interest in Casa Cruz, and controlled and controls significant functions of the Casa Cruz.

26.     At all relevant times, Santa Cruz controlled and directed the terms of employment and compensation of Plaintiffs, and all others similarly situated.

27.     At all relevant times, Santa Cruz maintained and exercised or delegated his power to hire, fire, discipline, and promote Plaintiffs, and all others similarly situated.

28.     At all relevant times, Santa Cruz maintained control, oversight, and direction of Plaintiffs and all others similarly situated, including, *inter alia*, scheduling, work allocation, task supervision, monitoring work product, payroll, and other employment practices applicable to Plaintiffs and all others similarly situated.

29.    At all relevant times, Santa Cruz was an "employer" of Plaintiffs, and all others similarly situated within the meaning of all applicable statutes and regulations.

## FACTS

**A.    Background**

30.    Defendants own and operate a restaurant, lounge, and event space in New York County, New York, doing business under the name, "Casa Cruz."

31.    Defendants employ a staff of approximately 25 to 40 employees at any given time.

32.    Waitstaff of the Restaurant hold various titles, including, *inter alia*: (i) Servers; (ii) Bussers; (iii) Runners; (iv) Bartenders; and (v) Barbacks (collectively, "Waitstaff").

**B.    Failure to Pay Minimum and Overtime Wages Due to Invalid Tip Credit**

33.    Defendants engage in a common pattern and practice of deliberately denying Waitstaff minimum and overtime wages owed.

34.    Defendants systematically deny Waitstaff their wages in several ways.

35.    Defendants pay Waitstaff at rates below the applicable minimum wage based on an invalid tip credit.

36.    Also, Defendants fail to pay Waitstaff at a rate of one and one-half times their agreed upon rates of pay or the applicable minimum wage for any of their hours worked in excess of 40 hours in a workweek.

37.    Defendants are not entitled to take a tip credit against Plaintiffs' wages for several reasons.

38.    First, Defendants improperly claimed the tip credit for all hours worked despite having caused tipped employees to engage in non-tipped duties for hours far exceeding twenty percent (20%) of the total hours worked during a given shift each workweek.

39.    Waitstaff were required to engage in non-tipped duties such as clearing large dining rooms of all furniture for events, significant clean up and furniture resetting after the completion of events, sweeping, refilling and igniting fuel lamps, filling ice buckets, folding napkins, cleaning furniture, restocking and organizing plates, flatware and glassware, among other duties.

40.    Second, Defendants implemented an invalid tip pooling scheme whereby Defendants unlawfully retained tips that were meant for Waitstaff.  Defendants were accordingly ineligible to avail themselves of the tip credit under the FLSA and NYLL.

41.    For example, on or around September 14, 2024, Waitstaff complained about a significant underpayment in tips, and Defendants' failure to provide tip records available for review.

42.    Shortly thereafter, Defendants acknowledged their failure to accurately compensate Waitstaff for the tips earned and stated that the underpayment would appear in the Waitstaff's next paycheck.

43.    Defendants never paid Waitstaff the underpayment of tips they earned in the next paycheck, nor any other subsequent paycheck received and therefore unlawfully retained the Waitstaff's tips.

44.    Third, Defendants failed to accurately keep track of daily tips earned and maintain records thereof.

45.    Moreover, after Waitstaff complained about the lack of records available for review, Defendants refused to change their pattern and practice.

46.    Fourth, pursuant to the NYLL, Defendants are required to provide Waitstaff with a "Notice of Tip Credit" before applying a tip credit against their wage obligations to such tipped employees.

47.     The Notice of Tip Credit must state each Waitstaff's: (i) hourly rate; (ii) overtime rate; (iii) amount of the tip credit; (iv) regular pay day; and (v) extra pay that is required if tips are insufficient to bring them up to the statutory minimum wage.

48.     Defendants did not properly provide Plaintiffs with a Notice of Tip Credit compliant with the requirements of the NYLL.

49.     As such, Waitstaff are entitled to recover the difference between the hourly rates they were paid and the applicable State minimum wage rates they should have been paid (plus overtime on such rates) for the hours they worked.

**C.      Failure to Provide Notices of Pay Rate and Accurate Wage Statements**

50.     The NYLL requires that Defendants provide Waitstaff, "at the time of hiring, a notice containing the following information: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; . . . the regular pay day designated by the employer [ ]; the name of the employer; any 'doing business as' names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary[,]" which is commonly referred to as a Notice of Pay Rate.  NYLL § 195(1)(a).

51.     Throughout the statutory period, Defendants never provided Waitstaff with Notices of Pay Rate that accurately reflected their pay or applicable deductions.

52.     The NYLL also requires that Defendants furnish Waitstaff with accurate wage statements with each payment of wages.  NYLL § 195(3).

53.     Throughout the statutory period, Defendants never furnished accurate wage

statements to Waitstaff.

54.    Upon information and belief, Defendants chose not to provide these required notices and wage statements to Plaintiffs to avoid informing them of their rights under the NYLL and therefore avoid paying them the proper minimum and overtime wage rates due to them.

**D.    Plaintiff Luka Milosavljevic**

55.    Milosavljevic worked at Casa Cruz as a Server from on or about October 17, 2022 through on or about October 20, 2024.

56.    Milosavljevic's duties as a Server included, *inter alia*, setting up the restaurant for service, taking orders and serving guests food and beverages, bussing tables, completing transactions and cleaning. However, he was also required to engage in more than 20% of his working time performing non-tipped related activities such as preparing event space for events, breaking down event spaces, cleaning, refilling and igniting fuel lamps, folding napkins, restocking glassware and flatware, and organizing furniture, among other duties.

57.    Throughout his employment at Casa Cruz, Milosavljevic was typically scheduled to work between approximately thirty-five (35) to forty-three (43) hours per workweek at Casa Cruz, working four to six shifts per week from approximately 3:30 p.m. to 11:00 p.m. or 4 p.m. to 12 a.m.

58.    From the start of his employment through December 31, 2023, Defendants paid Milosavljevic $10.00 per regular hour worked and $10.00 per overtime hour worked.

59.    For example, Milosavljevic worked approximately 51.23 hours during the workweek of May 8, 2023 to May 14, 2023.

60.    However, Defendants paid Milosavljevic only $10.00 per hour for his first forty hours and $10.00 per hour for 11.23 of his overtime hours worked during that workweek with no

overtime premium.

61.    From January 1, 2024 through his last day of work, Defendants paid Milosavljevic $10.65 per regular hour worked, and an "OT Blended" rate that varied depending on the amount of overtime hours worked, but always fell below the minimum wage.

62.    For example, Milosavljevic worked approximately 41.29 hours during the workweek of April 8, 2024 to April 14, 2024.

63.    Defendants paid Milosavljevic $10.65 for the first 39.15 hours he worked and $16.00 per hour for 2.14 hours of training, but the only overtime premium he received was an improper "OT Blended" rate of $5.46 per hour for his 1.29 of his overtime hours worked.

64.    Defendants never provided Milosavljevic with a Notice of Pay Rate that met the requirements of the NYLL.

65.    Defendants never provided Milosavljevic with accurate wage statements.

**E.    Plaintiff Stephanie Jones**

66.    Jones worked at Casa Cruz as a Server from on or about April 29, 2024, through on or about December 29, 2024.

67.    Jones's duties as a Server included, *inter alia*, setting up the restaurant for service, taking orders and serving guests food and beverages, bussing tables, completing transactions and cleaning.  However, she was also required to engage in more than 20% of her working time performing non-tipped related activities such as preparing event space for events, breaking down event spaces, cleaning, refilling and igniting fuel lamps, folding napkins, restocking glassware and flatware, and organizing furniture, among other duties.

68.    Throughout her employment at Casa Cruz, Jones was typically scheduled to work between approximately twenty-five (25) to forty-one (41) hours per workweek at Casa Cruz,

working four to six shifts per week from approximately 3:30 p.m. to 11:00 p.m. or 4 p.m. to 12 a.m.

69.    Throughout her employment, Defendants paid Jones $10.65 per regular hour worked and an "OT Blended" rate that varied depending on the amount of overtime hours worked, but always fell below the minimum wage.

70.    For example, Jones worked approximately 40.78 hours during the workweek of June 3, 2024 to June 9, 2024.

71.    Defendants paid Jones $10.65 for the first 34.94 hours she worked and $16.00 per hour for 5.84 hours of training, but the only overtime premium she received was an improper "OT Blended" rate of $4.45 per hour for her .78 hours of overtime worked.

72.    Defendants never provided Jones with a Notice of Pay Rate that met the requirements of the NYLL.

73.    Defendants never provided Jones with accurate wage statements.

**F.    Plaintiff Guilherme Parreiras**

74.    Parreiras worked at Casa Cruz as a Server from on or about May 10, 2024 through on or about January 5, 2025.

75.    Parreiras's duties as a Server included, *inter alia*, setting up the restaurant for service, taking orders and serving guests food and beverages, bussing tables, completing transactions and cleaning. However, he was also required to engage in more than 20% of his working time performing non-tipped related activities such as preparing event space for events, breaking down event spaces, cleaning, refilling and igniting fuel lamps, folding napkins, restocking glassware and flatware, and organizing furniture, among other duties.

76.    Throughout his employment at Casa Cruz, Parreiras was typically scheduled to

work between approximately thirty (30) to forty (40) hours per workweek at Casa Cruz, working three to five shifts per week from approximately 3:30 p.m. to 11:00 p.m. or 4 p.m. to 12 a.m.

77. Throughout his employment, Defendants paid Parreiras $10.65 per regular hour worked.

78. Defendants never provided Parreiras with a Notice of Pay Rate that met the requirements of the NYLL.

79. Defendants never provided Parreiras with accurate wage statements.

**FLSA COLLECTIVE ACTION ALLEGATIONS**

80. Plaintiffs Milosavljevic and Jones ("FLSA Plaintiffs") bring this action, in part, as a collective action under the FLSA and applicable regulations thereunder.

81. FLSA Plaintiffs seek to maintain claims, pursuant to FLSA § 216(b), on behalf of themselves and all other Waitstaff who have been employed by Defendants at any time during the full statute of limitations period (the "FLSA Collective").

82. At all relevant times, FLSA Plaintiffs and the FLSA Collective were similarly situated, had substantially similar job requirements, were paid in the same manner and under the same common policies, plans, and scheme, and were subject to Defendants' practices of failing to compensate FLSA Plaintiffs and the FLSA Collective at one and one-half times their regular rate of pay for all hours worked in excess of 40 hours in a workweek.

83. Defendants were not entitled to take a tip credit against FLSA Plaintiffs' and the FLSA Collective's wages.

84. Defendants unlawfully misappropriated portions of the gratuities of FLSA Plaintiffs and the FLSA Collective by retaining and failing to distribute them, in violation of 29 U.S.C. § 203(m)(2)(B).

85. Throughout the full statute of limitations period, Defendants have been fully aware

of the duties performed by FLSA Plaintiffs and the FLSA Collective, and that those duties were not exempt from the provisions of the FLSA.

86.    Defendants' violations of the FLSA have been willful, repeated, knowing, intentional, and without a good faith basis, and have significantly damaged FLSA Plaintiffs and the FLSA Collective.

87.    As a result of Defendants' conduct, they are liable to FLSA Plaintiffs and the FLSA Collective for the full amount of their unpaid wages with interest, an additional equal amount as liquidated damages, plus the attorneys' fees and costs incurred by Plaintiffs and the FLSA Collective.

88.    While the exact number of the FLSA Collective is unknown to Plaintiffs at this time, and can only be ascertained through appropriate discovery, on information and belief Plaintiffs believe there are approximately 100 other similarly situated persons who were employed by Defendants during the full statute of limitations period.

89.    Plaintiffs are currently unaware of the identities of the members of the FLSA Collective.

90.    Accordingly, Defendants should be required to provide Plaintiffs with a list of all persons employed by Defendants during the full statute of limitations period, along with their last known addresses, telephone numbers, and email addresses, so Plaintiffs can give the members of the FLSA Collective notice of this action and an opportunity to make an informed decision about whether to participate in it.

## CLASS ACTION ALLEGATIONS

91.    Plaintiffs bring this action, in part, as a class action under the NYLL and applicable regulations thereunder.

A.    **Class Definition**

92.    Plaintiffs seek to maintain claims, pursuant to FRCP 23, on behalf of themselves and a class of all other Waitstaff who have been employed by Defendants at any time during the full statute of limitations period (the "NYLL Class").

93.    Plaintiffs allege, on behalf of themselves and the NYLL Class, that Defendants violated the NYLL by, *inter alia*: (i) failing to pay Plaintiffs and the NYLL Class at or above the applicable State minimum wage rate for all hours worked because Defendants were not entitled to claim any tip credit as they failed to meet the statutory requirements under the NYLL; (ii) failing to compensate Plaintiffs and the NYLL Class at one and one-half times their regular rate of pay (or the applicable State minimum wage rate) for all hours worked in excess of 40 hours in a workweek; (iii) misappropriating tips due to Plaintiffs and the NYLL Class members; (vi) failing to provide accurate Notices of Pay Rate; and (v) failing to furnish accurate wage statements.

94.    Plaintiffs and the NYLL Class have standing to seek such relief because of the adverse effects that Defendants' wage practices have had on them individually and as a group.

95.    The wage practices described in this Complaint are part of Defendants' normal course of conduct.

96.    The claims brought pursuant to the NYLL may be pursued by all similarly situated persons who do not opt out of the NYLL Class, pursuant to FRCP 23.

B.    **Requirements of FRCP 23(a)**

    i.    **Numerosity and Impracticability of Joinder**

97.    The members of the NYLL Class are so numerous that joinder of all members is impracticable.

98.    While the exact number of the members of the NYLL Class is unknown to Plaintiffs

at this time, and can only be ascertained through appropriate discovery, Plaintiffs believe there are approximately 150 members of the NYLL Class.

99.    Therefore, the numerosity requirement of FRCP 23(a) is satisfied.

**ii.    Common Questions of Law and Fact**

100.    Common questions of law and fact, the answers to which will meaningfully advance this litigation, exist as to the NYLL Class and predominate over any questions only affecting the members of the NYLL Class individually.

101.    The questions of law and fact that are common to Plaintiffs and the NYLL Class include, without limitation:

(a)    Whether Defendants employed Plaintiffs and the NYLL Class within the meaning of the New York Labor Law;

(b)    Whether Defendants failed to pay Plaintiffs and the NYLL Class at or above the applicable State minimum wage;

(c)    Whether Defendants failed to pay Plaintiffs and the NYLL Class all overtime wages owed to them;

(d)    Whether Defendants properly provided written notice to all tipped employees, consistent with the requirements of the NYLL, that Defendants were taking a tip credit;

(e)    Whether Defendants improperly misappropriated portions of the gratuities due to Plaintiffs and the NYLL Class;

(f)    Whether Defendants accurately tracked the amounts of tips earned each day and maintained records thereof;

(g)    Whether Defendants caused tipped employees to engage in non-tipped

duties exceeding 20% or two hours of their work shift;

(h)    Whether Defendants failed to provide Plaintiffs and the NYLL Class with Notices of Pay Rate;

(i)    Whether Defendants failed to furnish accurate wage statements to Plaintiffs and the NYLL Class; and

(j)    Whether Plaintiffs and the NYLL Class are entitled to liquidated damages and injunctive relief.

102.    Therefore, the common question requirement of FRCP 23(a) is satisfied.

**iii.    Typicality of Claims and Relief Sought**

103.    Plaintiffs' claims are typical of the claims of the members of the NYLL Class they seek to represent.

104.    Plaintiffs and the NYLL Class work, or have worked, for Defendants and are, or were, subject to the same compensation policies and practices.

105.    The wage practices suffered by Plaintiffs, and the damages resulting therefrom, are sadly typical of Defendants' treatment of their Waitstaff generally, and of the NYLL Class specifically.

106.    Therefore, the typicality requirement of FRCP 23(a) is satisfied.

**iv.    Adequacy of Representation**

107.    Plaintiffs will fairly and adequately protect the interests of the NYLL Class because their interests are coextensive and aligned with those of the members of the NYLL Class.

108.    Plaintiffs have no interests adverse to the NYLL Class they seek to represent and have retained competent and experienced counsel.

109.    Plaintiffs are willing and able to represent the NYLL Class as fairly and vigorously

as they pursue their similar individual claims.

110. Plaintiffs have retained counsel who are qualified and experienced in employment class action litigation and who are able to meet the demands necessary to litigate a class action of this size and complexity.

111. The combined interests, experience, and resources of Plaintiffs and their counsel to competently litigate the individual and NYLL Class claims at issue in the instant action satisfy the adequacy of representation requirement of FRCP 23(a).

**C.      Requirements of FRCP 23(b)(1)**

112. Without certification of the NYLL Class, the same evidence and issues would be subject to re-litigation in a multitude of individual lawsuits with an attendant risk of inconsistent adjudications and conflicting obligations.

113. Accordingly, certification of the NYLL Class is the most efficient and judicious means of presenting the evidence and arguments necessary to resolve such questions for Plaintiffs, the NYLL Class, and Defendants.

114. By filing this Complaint, Plaintiffs are preserving the rights of the NYLL Class with respect to the statute of limitations on their claims.

115. Therefore, not certifying a class would substantially impair and/or impede the remaining members of the NYLL Class's ability to protect their interests.

**D.      Requirements of FRCP 23(b)(2)**

116. Defendants acted on grounds, described herein, generally applicable to Plaintiffs and the NYLL Class by denying Plaintiffs and the NYLL Class all wages owed, minimum and overtime wages, and failing to furnish proper Notices of Pay Rate and accurate wage statements.

117. These acts are not sporadic or isolated and support the request for final injunctive

and declaratory relief with respect to Plaintiffs and the NYLL Class as a whole.

118.    Declaratory and injunctive relief flow directly and automatically from proof of the common questions of law and fact regarding the entitlement to, and denial of, all wages owed, minimum and overtime wages, misappropriated gratuities, Notices of Pay Rate and accurate wage statements.

119.    Declaratory and injunctive relief are the factual and legal predicates for Plaintiffs' and the NYLL Class's entitlement to monetary and non-monetary remedies for such wage violations.

120.    Accordingly, injunctive and declaratory relief are among the predominant forms of relief sought in this case.

## E.    Requirements of FRCP 23(b)(3)

121.    The common issues of fact and law affecting Plaintiffs' claims and those of the NYLL Class—including, without limitation, the common issues identified in the paragraphs above—predominate over issues affecting only individual claims.

122.    A class action is superior to other available means for the fair and efficient adjudication of Plaintiffs' claims and the claims of the NYLL Class.

123.    The cost of proving Defendants' pattern and practice of denying minimum, overtime, and other wages makes it impractical for the members of the NYLL Class to pursue their claims individually.

124.    This class action will not be difficult to manage for reasons including, without limitation, the discrete organizational nature of all members of the NYLL Class (they must have worked for Defendants as Waitstaff during the statutory period), as well as the common questions of law and fact described herein.

### FIRST CAUSE OF ACTION
### VIOLATIONS OF THE FLSA: FAILURE TO PAY OVERTIME
#### (*On Behalf of FLSA Plaintiffs and the FLSA Collective*)

125.    Plaintiffs Milosavljevic and Jones ("FLSA Plaintiffs"), on behalf of themselves and the FLSA Collective, hereby repeat and reallege the foregoing allegations as if set forth fully herein.

126.    During the full statutory period, FLSA Plaintiffs and the FLSA Collective were protected by the provisions of the FLSA, 29 U.S.C §§ 201, *et seq.*, and applicable regulations thereunder.

127.    The FLSA requires covered employers, including Defendants, to compensate Waitstaff at a rate not less than one and one-half times their regular rate of pay and at a rate not less than one and one-half times the federal minimum wage for all hours worked in excess of 40 hours in a workweek.

128.    FLSA Plaintiffs and the FLSA Collective were not exempt from the requirement that Defendants pay them overtime under the FLSA, and they are entitled to be paid overtime by Defendants for all hours worked in excess of 40 hours in a workweek during the full statute of limitations period.

129.    Throughout the full statute of limitations period, Defendants have engaged in a policy and practice of failing to compensate FLSA Plaintiffs and the FLSA Collective at a rate not less than one and one-half times their regular rate of pay for all hours worked in excess of 40 hours in a workweek.

130.    As a result of Defendants' failure to compensate FLSA Plaintiffs and the FLSA Collective at a rate not less than one and one-half times their regular rate of pay for all hours

worked in excess of 40 hours in a workweek, Defendants have violated the FLSA and/or applicable regulations thereunder.

131.    Defendants have acted willfully and deliberately in maintaining an intentional practice of failing to compensate FLSA Plaintiffs and the FLSA Collective in accordance with the FLSA.

132.    Defendants' violations of the FLSA have significantly damaged FLSA Plaintiffs and the FLSA Collective and entitle them to recover the total amount of their unpaid wages, an additional equal amount in liquidated damages, prejudgment interest, and attorneys' fees and costs.

**SECOND CAUSE OF ACTION**
**VIOLATIONS OF THE NYLL: FAILURE TO PAY MINIMUM WAGE**
(*On Behalf of Plaintiffs and the NYLL Class*)

133.    Plaintiffs, on behalf of themselves and the NYLL Class, hereby repeat and reallege the foregoing allegations as if set forth fully herein.

134.    During the full statutory period, Plaintiffs and the NYLL Class were protected by the provisions of the NYLL, N.Y. Lab. Law §§ 190, *et seq.*, and 650, *et seq.*, as well as all applicable regulations thereunder.

135.    The NYLL requires covered employers, including Defendants, to compensate Waitstaff at a rate not less than the applicable State minimum wage for all hours worked under 40 hours in a workweek.

136.    Plaintiffs and the NYLL Class were not exempt from the requirement that Defendants pay them minimum wages under the NYLL, and they are entitled to be paid minimum wages by Defendants for all hours worked under 40 hours in a workweek during the full statute of limitations period.

137.    Throughout the full statute of limitations period, Defendants have engaged in a

policy and practice of failing to compensate Plaintiffs and the NYLL Class at a rate not less than the applicable State minimum wage for all hours worked under 40 hours in a workweek.

138.    As a result of Defendants' failure to compensate Plaintiffs and the NYLL Class at a rate not less than the applicable State minimum wage for all hours worked under 40 hours in a workweek, Defendants have violated the NYLL and/or applicable regulations thereunder.

139.    Defendants have acted willfully and deliberately in maintaining an intentional practice of failing to compensate Plaintiffs and the NYLL Class in accordance with the NYLL.

140.    Defendants' violations of the NYLL have significantly damaged Plaintiffs and the NYLL Class and entitle them to recover the total amount of their unpaid wages, an additional equal amount in liquidated damages, prejudgment interest, and attorneys' fees and costs.

**THIRD CAUSE OF ACTION**
**VIOLATIONS OF THE NYLL: FAILURE TO PAY OVERTIME WAGES**
(*On Behalf of Plaintiffs and the NYLL Class*)

141.    Plaintiffs, on behalf of themselves and the NYLL Class, hereby repeat and reallege the foregoing allegations as if set forth fully herein.

142.    During the full statutory period, Plaintiffs and the NYLL Class were protected by the provisions of the NYLL, N.Y. Lab. Law §§ 190, *et seq.*, and 650, *et seq.*, as well as all applicable regulations thereunder.

143.    The NYLL requires covered employers, including Defendants, to compensate Waitstaff at a rate not less than one and one-half times their regular rate of pay for all hours worked in excess of 40 hours in a workweek and at a rate not less than one and one-half times the applicable State minimum wage for all hours worked in excess of 40 hours in a workweek.

144.    Plaintiffs and the NYLL Class were not exempt from the requirement that Defendants pay them overtime under the NYLL, and they are entitled to be paid overtime by

Defendants for all hours worked in excess of 40 hours in a workweek during the full statute of limitations period.

145.    Throughout the full statute of limitations period, Defendants have engaged in a policy and practice of failing to compensate Plaintiffs and the NYLL Class at a rate not less than one and one-half times their regular rate of pay for all hours worked in excess of 40 hours in a workweek.

146.    As a result of Defendants' failure to compensate Plaintiffs and the NYLL Class at a rate not less than one and one-half times their regular rate of pay for all hours worked in excess of 40 hours in a workweek, Defendants have violated the NYLL and/or applicable regulations thereunder.

147.    Defendants have acted willfully and deliberately in maintaining an intentional practice of failing to compensate Plaintiffs and the NYLL Class in accordance with the NYLL.

148.    Defendants' violations of the NYLL have significantly damaged Plaintiffs and the NYLL Class and entitle them to recover the total amount of their unpaid wages, an additional equal amount in liquidated damages, prejudgment interest, and attorneys' fees and costs.

**FOURTH CAUSE OF ACTION**
**VIOLATIONS OF THE NYLL: FAILURE TO PAY ALL WAGES OWED**
**(*On Behalf of Plaintiffs and the Class*)**

149.    Plaintiffs, on behalf of themselves and the NYLL Class, hereby repeat and reallege the foregoing allegations as if set forth fully herein.

150.    During the full statutory period, Plaintiffs and the NYLL Class were protected by the provisions of the NYLL, N.Y. Lab. Law §§ 190, *et seq.*, and 650, *et seq.*, as well as all applicable regulations thereunder.

151.    The NYLL requires covered employers, including Defendants, to compensate

Plaintiffs and the NYLL Class at their established regular rates of pay for all hours worked in a workweek.

152.    Plaintiffs and the NYLL Class were not exempt from the requirement and are entitled to be paid by Defendants at their established regular rates of pay for all hours worked in a workweek, during the full statute of limitations period.

153.    Throughout the full statute of limitations period, Defendants have engaged in a common policy and practice of failing to pay Plaintiffs and the NYLL Class at their established regular rates of pay for all hours worked.

154.    As a result of Defendants' failure to compensate Plaintiffs and the NYLL Class at their established regular rates of pay (or one and one-half times their established regular rates) for all hours worked, Defendants have violated the NYLL and/or applicable regulations thereunder.

155.    Defendants have acted willfully and deliberately in maintaining an intentional practice of failing to compensate Plaintiffs and the NYLL Class in accordance with the NYLL.

156.    Defendants' violations of the NYLL have significantly damaged Plaintiffs and the NYLL Class and entitle them to recover damages to the greatest extent permitted by law, including, *inter alia*, the total amount of their unpaid wages, an additional equal amount in liquidated damages, prejudgment interest, and attorneys' fees and costs.

<u>**FIFTH CAUSE OF ACTION**</u>
<u>**VIOLATIONS OF THE NYLL: NOTICES OF PAY RATE**</u>
(***On Behalf of Plaintiffs and the NYLL Class***)

157.    Plaintiffs, on behalf of themselves and the NYLL Class, hereby repeat and reallege the foregoing allegations as if set forth fully herein.

158.     During the full statutory period, Plaintiffs and the NYLL Class were protected by the provisions of the NYLL, N.Y. Lab. Law §§ 190, *et seq.*, as well as all applicable regulations thereunder.

159.     The NYLL requires covered employers, including Defendants, to provide Waitstaff, "at the time of hiring, a notice containing the following information:  the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; . . . the regular pay day designated by the employer [ ]; the name of the employer; any 'doing business as' names used by the employer;  the physical address of the employer's main office or principal place of business, and a mailing address if different;  the telephone number of the employer; plus such other information as the commissioner deems material and necessary," which is commonly referred to as a Notice of Pay Rate.  NYLL § 195(1)(a).

160.     Plaintiffs and the NYLL Class were not exempt from the requirement that Defendants provide them with Notices of Pay Rate.

161.     Throughout the full statute of limitations period, Defendants have engaged in a policy and practice of unlawfully failing to provide Notices of Pay Rate to Plaintiffs and the NYLL Class.

162.     As a result of Defendants' failure to provide Notices of Pay Rate to Plaintiffs and the NYLL Class, Defendants have violated, *inter alia*, NYLL § 195.

163.     Defendants have acted willfully and deliberately in maintaining an intentional practice of failing to provide proper notices to Plaintiffs and the NYLL Class in accordance with the NYLL.

164.     Further, due to Defendants' failure to provide proper Notices of Pay Rate, Plaintiffs

and the NYLL Class have suffered concrete harm.

165.    Specifically, Plaintiffs and the NYLL Class have been prevented from, *inter alia*: (i) realizing their true hours worked; (ii) realizing that they were underpaid; and (iii) taking appropriate action to obtain the payments due to them.

166.    Defendants' violations of the NYLL have significantly damaged Plaintiffs and the NYLL Class and entitle them to recover $50 for each workday the violation occurred, not to exceed $5,000, plus attorneys' fees and costs.

**SIXTH CAUSE OF ACTION**
**VIOLATIONS OF THE NYLL: ACCURATE WAGE STATEMENTS**
**(*On Behalf of Plaintiffs and the NYLL Class*)**

167.    Plaintiffs, on behalf of themselves and the NYLL Class, hereby repeat and reallege the foregoing allegations as if set forth fully herein.

168.    During the full statutory period, Plaintiffs and the NYLL Class were protected by the provisions of the NYLL, N.Y. Lab. Law §§ 190, *et seq.*, as well as all applicable regulations thereunder.

169.    The NYLL requires covered employers, including Defendants, to "furnish each employee with a statement with every payment of wages, listing the following: the dates of work covered by that payment of wages;  name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; . . . and net wages."  NYLL § 195(3).

170.    Plaintiffs and the NYLL Class were not exempt from the requirement that Defendants provide them with proper wage statements.

171.    Throughout the full statute of limitations period, Defendants have engaged in a

policy and practice of unlawfully failing to furnish accurate wage statements to Plaintiffs and the NYLL Class.

172.    As a result of Defendants' failure to furnish accurate statements to Plaintiffs and the NYLL Class, Defendants have violated, *inter alia*, NYLL § 195.

173.    Further, due to Defendants' failure to furnish accurate wage statements, Plaintiffs and the NYLL Class have suffered concrete harm.

174.    Specifically, Plaintiffs and the NYLL Class have been prevented from, *inter alia*: (i) realizing their true hours worked; (ii) realizing that they were underpaid; and (iii) taking appropriate action to obtain the payments due to them.

175.    Defendants' violations of the NYLL have significantly damaged Plaintiffs and the NYLL Class and entitle them to recover $250 for each workday the violation occurred, not to exceed $5,000, plus attorneys' fees and costs.

**SEVENTH CAUSE OF ACTION**
**VIOLATIONS OF THE FLSA: MISAPPROPRIATION OF TIPS**
(***On Behalf of Plaintiffs and the FLSA Collective***)

176.    Plaintiffs, on behalf of themselves and the FLSA Collective, hereby repeat and reallege the foregoing allegations as if set forth fully herein.

177.    29 U.S.C. § 203(m)(2)(B) prohibits employers from retaining tips received by employees for any purpose.

178.    Defendants willfully violated the FLSA by retaining the tips and failing to distribute them to the Plaintiffs and the FLSA Collective.

179.    As a result of Defendants' violations, Plaintiffs and FLSA Collective have suffered damages and are entitled to recover their misappropriated tips, liquidated damages, attorneys' fees and costs, and pre-judgement and post-judgement interest.

## EIGHTH CAUSE OF ACTION
## VIOLATIONS OF THE NYLL: MISAPPROPRIATION OF TIPS
### (*On Behalf of Plaintiffs and the NYLL Class*)

180.    Plaintiffs, on behalf of themselves and the NYLL Class, hereby repeat and reallege the foregoing allegations as if set forth fully herein.

181.    NYLL § 196–d and regulations issued thereunder, *see* 12 N.Y.C.R.R. §§ 146 2.14–2.17 prohibit employers from demanding or accepting, directly or indirectly, any part of the gratuities received by an employee.

182.    Defendants willfully violated these provisions by retaining and failing to distribute tip earnings to Plaintiffs and the NYLL Class.

183.    As a result of Defendants' willful violation of NYLL § 196-d and New York Department of Labor ("NYDOL") Regulations, Plaintiffs and the NYLL Class suffered damages and are entitled to recover their misappropriated tips, liquidated damages, attorneys' fees and costs, and prejudgment and post-judgment interest.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on behalf of themselves, the FLSA Collective, and the NYLL Class, respectfully request that this Court:

A.    Declare that the practices complained of herein are unlawful under applicable federal and State Law;

B.    Grant an injunction and order permanently restraining Defendants from engaging in such unlawful conduct;

C.    Declare this action to be maintainable as a collective action pursuant to 29 U.S.C. § 216, and direct Defendants to provide FLSA Plaintiffs with a list of all members of the FLSA Collective, including all last known addresses, telephone numbers, and email addresses

of each such person, so Plaintiffs can give such persons notice of this action and an opportunity to make an informed decision about whether to participate in it;

      D.     Declare this action to be maintainable as a class action pursuant to FRCP 23, and direct Defendants to provide Plaintiffs with a list of all members of the NYLL Class, including all last known addresses, telephone numbers, and email addresses of each such person, so Plaintiffs can give such persons notice of this action and an opportunity to make an informed decision about whether to participate in it;

      E.     Designate Plaintiffs as the representatives of the NYLL Class, and their counsel of record as class counsel;

      F.     Determine the damages sustained by FLSA Plaintiffs and the FLSA Collective as a result of Defendants' violations of the FLSA, and award those damages against Defendants and in favor of FLSA Plaintiffs and the FLSA Collective, plus such pre-judgment and post-judgment interest as may be allowed by law;

      G.     Determine the damages sustained by Plaintiffs and the NYLL Class as a result of Defendants' violations of the NYLL, and award those damages against Defendants and in favor of Plaintiffs and the NYLL Class, plus such pre-judgment and post-judgment interest as may be allowed by law;

      H.     Award Plaintiffs, the FLSA Collective, and the NYLL Class an additional equal amount as liquidated damages;

      I.     Award Plaintiffs, the FLSA Collective, and/or the NYLL Class their reasonable attorneys' fees and costs and disbursements in this action including, without limitation, any accountants' or experts' fees; and

      J.     Grant Plaintiffs, the FLSA Collective, and/or the NYLL Class such other and

further relief that the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs, on behalf of themselves, the FLSA Collective, and the NYLL Class, hereby demand a trial by jury on all issues of fact and damages.

Dated: April 28, 2025                **FARUQI & FARUQI, LLP**
      New York, New York

           By: _/s/ Innessa M. Huot_
              Innessa M. Huot
              Shawn R. Clark

              685 Third Avenue, 26th Floor
              New York, New York 10017
              Tel: 212-983-9330
              Fax: 212-983-9331
              ihuot@faruqilaw.com
              sclark@faruqilaw.com

              *Attorneys for Plaintiffs, the Proposed FLSA*
              *Collective, and the Proposed NYLL Class*

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LUKA MILOSAVLJEVIC, STEPHANIE JONES, and GUILHERME PARREIRAS, on behalf of themselves and others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CASA CRUZ 61, LLC d/b/a CASA CRUZ, and JUAN SANTA CRUZ,<br><br>Defendants. | Civil Case No.:<br><br>**CONSENT TO SUE** |

I, Luka Milosavljevic, was employed by Defendants within the last three years and am a named Plaintiff in the above-captioned action, *Milosavljevic, et al. v. Casa Cruz 61, LLC, et al.*, pending in the United States Court for the Southern District of New York. I hereby consent to sue Defendants and be a party Plaintiff in this lawsuit.

I hereby appoint the law firm of Faruqi & Faruqi, LLP, located at 685 Third Avenue, 26th Floor, New York, NY 10017, telephone number (212) 983-9330, as my attorneys.

Name (Print): __Luka Milosavljevic__

Signature: _Luka Milosavljevic (Apr 25, 2025 15:44 EDT)_     Date: __04/25/2025__

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| LUKA MILOSAVLJEVIC, STEPHANIE JONES, and GUILHERME PARREIRAS, on behalf of themselves and others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CASA CRUZ 61, LLC d/b/a CASA CRUZ, and JUAN SANTA CRUZ,<br><br>Defendants. | Civil Case No.:<br><br>**CONSENT TO SUE** |

I, Stephanie Jones, was employed by Defendants within the last three years and am a named Plaintiff in the above-captioned action, *Milosavljevic, et al. v. Casa Cruz 61, LLC, et al.*, pending in the United States Court for the Southern District of New York. I hereby consent to sue Defendants and be a party Plaintiff in this lawsuit.

I hereby appoint the law firm of Faruqi & Faruqi, LLP, located at 685 Third Avenue, 26th Floor, New York, NY 10017, telephone number (212) 983-9330, as my attorneys.

Name (Print): Stephanie Jones

Signature: Stephanie Jones (Apr 25, 2025 19:33 EDT)

Date: 04/25/2025

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LUKA MILOSAVLJEVIC, STEPHANIE JONES, and GUILHERME PARREIRAS, on behalf of themselves and others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CASA CRUZ 61, LLC d/b/a CASA CRUZ, and JUAN SANTA CRUZ,<br><br>Defendants. | Civil Case No.:<br><br>**CONSENT TO SUE** |

I, Guilherme Parreiras, was employed by Defendants within the last three years and am a named Plaintiff in the above-captioned action, *Milosavljevic, et al. v. Casa Cruz 61, LLC, et al.*, pending in the United States Court for the Southern District of New York.  I hereby consent to sue Defendants and be a party Plaintiff in this lawsuit.

I hereby appoint the law firm of Faruqi & Faruqi, LLP, located at 685 Third Avenue, 26th Floor, New York, NY 10017, telephone number (212) 983-9330, as my attorneys.

Name (Print): _Guilherme Parreiras_

Signature: _____    Date: _04/25/2025_