# HELBRAUN ║ LEVEY

August 11, 2025

**VIA ECF**
Judge Analisa Torres
U.S. District Court, Southern District of New York
500 Pearl Street
New York, NY 10007

> Re:    *Milosavljevic, et al. v. Casa Cruz 61, LLC d/b/a Casa Cruz, et al.*; **Case No. 1:25-cv-03490**

Dear Judge Torres:

This firm represents the Defendants, Casa Cruz 61 LLC d/b/a Casa Cruz ("Casa Cruz") and Juan Santa Cruz ("Mr. Santa Cruz") (collectively, "Defendants"), in the above-referenced action. Pursuant to Section III.A.ii of Your Honor's Individual Practices in Civil Cases (the "Rules"), Defendants respectfully submit this letter in response to Plaintiffs' request for leave to file a motion for conditional certification and for authorization to send notice (*see* ECF No. 30). As set forth below, Plaintiffs' request is contractually barred under the parties' Tolling Agreement and Defendants have indicated their intent to file a motion to dismiss that, if granted, may narrow or eliminate the need for certification proceedings. For these reasons, Defendants respectfully request that the Court deny or defer Plaintiffs' request pending resolution of Defendants' forthcoming motion.

The Tolling Agreement Bars Plaintiffs from Seeking Conditional Certification During the Tolling Period

In June 2025 the parties executed a Tolling Agreement in this action (*see* **Exhibit A**) (the "Tolling Agreement"). Section II.C of the Tolling Agreement provides:

> *During the Tolling Period, Plaintiff shall not file any motion with the Court for conditional certification of a Proposed FLSA Collective except with the consent of Defendants in connection with a proposed settlement of the Parties' claims.*

Ex. A at 2. That provision was the product of negotiation. In exchange for Plaintiffs' promise not to move for conditional certification, Defendants agreed to toll the statute of limitations for the period between June 5, 2025, through the Cancellation Date and waive related time-based defenses:

> *Defendants hereby waive, extend, and agree not to plead the statute of limitations or invoke it in any other way only with respect to the passage of time from June 5, 2025 through the Cancellation Date,*

> *or assert laches, estoppel, or any other defense based only on the*
> *passage of time from June 5, 2025 through the Cancellation Date.*[1]

*Id*. at 1. If Plaintiffs were now allowed to seek conditional certification while the Agreement remains in effect, they would materially breach this bargained-for promise. Courts in this Circuit recognize that "[a] tolling agreement creates enforceable rights between parties, and is the type of contract that private parties regularly enter into to freeze their respective rights in contemplation of future litigation." *Figueroa v. Ministry for Foreign Affs. of Sweden*, 222 F. Supp. 3d 304, 317 (S.D.N.Y. 2016). Permitting Plaintiffs to move for conditional certification despite the Agreement would essentially nullify Defendants' bargained-for exchange and prejudice Defendants, who relied on the Agreement in good faith. Accordingly, Plaintiffs' request for leave to file a motion for conditional certification should be denied.

<u>The Court Should Stay Plaintiffs' Request Pending Resolution of Defendants' Motion to Dismiss</u>

On July 28, 2025, Defendants sent Plaintiffs a pre-motion letter setting forth the legal and factual grounds for their anticipated motion to dismiss and/or requesting a more definite statement. Under Section III.B.ii of Your Honor's Rules, Plaintiffs' response was due by August 1, 2025. Defendants timely filed their second pre-motion letter with the Court on August 4, 2025 (*see* ECF No. 31). Later that same day, Plaintiffs served their untimely response to Defendants' initial pre-motion letter.

It is well established that "courts are not required to decide class certification before reaching the merits of a case." *Sali v. Zwanger & Pesiri Radiology Grp., LLP*, No. 19 CV 275 (FB) (CLP), 2022 WL 1085508, at *4 (E.D.N.Y. Jan. 10, 2022), *report and recommendation adopted*, No. 2:19-CV-00275-FB-CLP, 2022 WL 819178 (E.D.N.Y. Mar. 18, 2022). Indeed, courts in this Circuit routinely delay proceedings when a dispositive motion is pending. *See, e.g., Barrett v. Forest Lab'ys, Inc.*, No. 12-CV-5224 RA, 2015 WL 4111827, at *4 (S.D.N.Y. July 8, 2015) (rejecting plaintiffs' argument that "delays in briefing and deciding [d]efendants' motion to dismiss" warranted equitable tolling); *Sali*, 2022 WL 1085508, at *4-5 ("holding class certification in abeyance is appropriate where resolution of the dispositive issue will 'necessarily inform and perhaps moot' class certification issues and where the party opposing abeyance would not be prejudiced") (citations omitted); *Lee v. ABC Carpet & Home*, 236 F.R.D. 193, 199-200 (S.D.N.Y. 2006) (noting court had ordered plaintiff's class certification motion to "be put on hold" while a dispositive motion was pending).

Here, Plaintiffs face no prejudice, as the Tolling Agreement remains in effect. Accordingly, the Court should defer consideration of any motion for conditional certification until after it rules on Defendants' anticipated motion to dismiss.

---

[1]    "Cancellation Date" is defined as "seven (7) days after either Party gives written notice of cancellation to the other[.]" Ex. A, Sec. II.D, at 2. As of the filing of this letter, neither party has provided such written notice, and the Tolling Agreement remains in effect.

Plaintiffs' Arbitration Argument is Misplaced and Unsupported by Law

In an effort to preempt an issue that, while significant in the broader context of this case, is not relevant to the instant request, Plaintiffs assert in their pre-motion letter that the arbitration agreements signed by named Plaintiffs Stephanie Jones and Guilherme Parreiras "should not negatively impact Plaintiffs' motion for conditional certification." ECF No. 30 at 3. This argument is misplaced and lacks merit.

In support of this flawed premise, Plaintiffs cite the general proposition that a collective action may be conditionally certified, "notwithstanding that some or all of the prospective members of the collective may have signed arbitration agreements." *See Zambrano v. Strategic Delivery Sols., L.L.C.*, No. 15 Civ. 08410 (ER), 2021 U.S. Dist. LEXIS 186197, at *28 (S.D.N.Y. Sept. 28, 2021). However, the instant action is not procedurally analogous to *Zambrano*. In that case, the key issue was whether the presence of arbitration clauses would prevent plaintiffs from amending their complaint to both excuse them from the putative class and to include new claims under New York and New Jersey law. *Zambrano*, 2021 WL 4460632, at *10-11.

The case of *Romero v. La Revise Associates, L.L.C.*, 968 F.Supp.2d 639, 647 (S.D.N.Y. 2013), suffers from a similar procedural obscurity. In *Romero*, the defendants were actively opposing plaintiffs' motion for conditional certification, and the Court found cases compelling arbitration to be inapposite. *Id.* at 647. Here, Defendants still have the ability and intend to file a motion to dismiss the Complaint, in part, on the existence of arbitration agreements. *See generally* ECF No. 31. Such motion practice could ultimately resolve Plaintiffs' ability to move for conditional certification. *See Ryan v. JPMorgan Chase & Co.*, 924 F.Supp.2d 559, 563 (S.D.N.Y. 2013) (granting defendants' motion to dismiss plaintiff's FLSA claim and to compel arbitration, and finding no merit in plaintiff's claim that her right to proceed collectively under the FLSA could not be waived); *Torres v. United Healthcare Servs.*, 920 F.Supp.2d 368, 376-77 (E.D.N.Y. 2013) (granting defendant's motion to dismiss plaintiff's FLSA claim and to compel individual arbitration of each plaintiff's claim, and holding that a collective action waiver did not have the effect of preventing plaintiffs from vindicating their statutory rights under the FLSA).

With respect to Plaintiffs' assertion that Plaintiff Milosavljevic's declaration would suffice to grant conditional certification, such an argument fails to account for the prospect that he may also be barred by an arbitration agreement. *See* ECF No. 31 at 2.

Finally, Plaintiffs also vaguely assert that they "do not believe that the arbitration agreement is enforceable," yet offer no supporting explanation or legal authority. This bare assertion is insufficient and should be disregarded.

***

For the foregoing reasons, Plaintiffs' request to move for conditional certification should be denied or, alternatively, held in abeyance. The Tolling Agreement expressly prohibits such a motion while in effect, Plaintiffs have failed to provide any basis for circumventing that

prohibition, and no prejudice would result from deferring briefing until after the Court resolves Defendants' forthcoming motion to dismiss.

Respectfully submitted,

/s/ Cynthia J. Park
Cynthia J. Park
Brianne E. Murphy
Melissa L. Greenberg
Carli P. Miller
**HELBRAUN & LEVEY LLP**
40 Fulton St., 28th Floor
New York, NY 10038
Tel.: (212) 219-1193

*Attorneys for Defendants*
