# EXHIBIT G

# APPENDIX F
## ARBITRATION AGREEMENT

THIS ARBITRATION AGREEMENT (this "Agreement") is made and entered into as of the execution date of the attached Employee Acknowledgment (the "Effective Date"), between ("Employee") and Casa Cruz and of its subsidiaries (the "Company") (each, a "Party" and collectively, the "Parties").

WHEREAS, the Company desires to employ Employee, and Employee desires to be employed by the Company;

NOW, THEREFORE, in consideration of the continued employment of Employee by Company, and other good and valuable consideration, the Parties agree as follows:

1.      The Company and Employee (collectively, "Parties") mutually agree that any controversy or claim arising out of or relating to Employee's employment relationship with the Company, which could have been brought in a court of law ("Covered Disputes"), shall be settled by arbitration administered by the American Arbitration Association ("AAA") under its National Rules for the Resolution of Employment Disputes. Judgment upon the award rendered by the arbitrator may be entered in any court having jurisdiction thereof.

2.      Covered Disputes shall be defined as all grievances, disputes, claims, or causes of action that otherwise could be brought in a federal, state, or local court under applicable federal, state, or local laws, arising out of or relating to your employment with Resident and the termination thereof, including claims you may have against Resident or against its officers, directors, supervisors, managers, employees, or agents in their capacity as such or otherwise, or that Resident may have against you as an employee.  Claims not covered by this Agreement include those arising out of or relating to workers' compensation benefits, unemployment insurance benefits, claims of sexual harassment, or any other disputes, as a matter of law, that an employee and an employer cannot arbitrate.

3.      With the exception of actions set forth above, arbitration shall be the exclusive means through which the Parties may seek relief in connection with any Covered Disputes. The Parties expressly waive their right to a trial by judge or by jury of any Covered Dispute, as well as their right to appeal the decision rendered by the arbitrator except on the grounds that the decision was procured by corruption, fraud or other undue influence or on the grounds specifically set forth in a statute applicable to vacating an arbitration award under this Agreement.

4.      The Parties expressly intend and agree that: (a) class action and collective action procedures shall not be asserted, and will not apply, in any arbitration under this Agreement; (b) each will not assert class or collective action claims against the other in arbitration, court, or any other forum; (c) each shall only submit their own, individual claims in arbitration and shall not bring claims against the other in any representative capacity on behalf of any other individual; and (d) any claims by the Employee will not be joined, consolidated, or heard together with claims of any other current or former employee of Employer.

5.      If Employee wishes to assert a claim against the Company, Employee must present to the Company a written request for arbitration within one (1) year of the date on which the Employee knows or should have known of the Covered Dispute against the Company. Likewise, the Company must present

a written request for arbitration to the Employee against whom it wishes to assert a claim within the same time frame. Failure by either the Employee or the Company to present such a request within one year shall constitute a waiver of the right to recover relief in any forum in connection with the Covered Dispute.

6.      Unless otherwise agreed to by Employee and Company, the arbitration shall take place in AAA's office in New York City, New York. The Parties shall select a single arbitrator in accordance with applicable AAA rules. Employee is required to pay AAA fees and costs only in the amount of the court costs which the Employee would be required to pay if the dispute were decided in a court of law. Company shall pay all AAA fees and costs in excess of the amount Employee is required to pay.

7.      Unless otherwise agreed by Employee and Company, the arbitrator shall apply the law of the State of New York. The arbitrator shall have the discretion to award monetary and other damages, or to award no damages, and to fashion any other relief that would otherwise be available in court. The arbitrator will issue a written arbitration decision that reveals the essential findings and conclusions on which the award is based.

8.      This Agreement is the complete agreement of the parties on the subject of Arbitration of disputes and claims. This Agreement supersedes any prior or contemporaneous oral, written or implied understanding on the subject, shall survive the termination of Employee's employment and can only be revoked or modified by a writing signed by the parties which specifically states an intent to revoke or modify this Agreement. If any provision of this Agreement is adjudged to be void or otherwise unenforceable in whole or in part, such adjudication shall not affect the validity of the remainder of this Agreement.

Employee and Company represent that they have been given the opportunity to fully review and comprehend the terms of this Agreement. The Parties understand the terms of this Agreement and freely and voluntarily sign this Agreement. Each party fully understands and agrees that they are giving up certain rights otherwise afforded to them by civil court actions, including but not limited to the right to a jury trial.

# EMPLOYEE HANDBOOK ACKNOWLEDGMENT

**I understand that the Employee Handbook provides guidelines and information about certain company policies, procedures, benefits, and rules of conduct**. I understand that it is my responsibility to read, understand, become familiar with, and comply with all standards established within the Employee Handbook, which I acknowledge may, from time to time, with or without notice, be supplemented, modified, deleted, or revised as my employer deems necessary or appropriate.

INITIAL:     gp

**I confirm that I am an employee at will.** I understand that my employment is for an unspecified period of time, and that I may be terminated at any time, with or without reason, with or without notice. I specifically acknowledge that the at-will nature of my employment can only be modified in a written employment agreement signed by company ownership.

INITIAL:     gp

**I acknowledge that discrimination and harassment are strictly prohibited in my workplace.** I acknowledge that it is my responsibility to conduct myself in accordance with the related provisions in the Employee Handbook, and I understand that I am required to participate in anti-harassment training at least once a year during my employment. I also understand that the Employee Handbook includes a complaint form that I may use to report any unlawful or inappropriate workplace conduct.

INITIAL:     gp

**I ACKNOWLEDGE THAT I HAVE RECEIVED A COPY OF THE EMPLOYEE HANDBOOK AND UNDERSTAND THAT IT IS MY RESPONSIBILITY TO READ AND ABIDE BY ALL OF ITS TERMS. I ALSO ACKNOWLEDGE THE ARBITRATION AGREEMENT.**

| EMPLOYEE NAME | Guilherme Pedrosa Parreiras | | |
|---|---|---|---|
| SIGNATURE | *[signature]* | DATE | 04/25/2024 |

**I ACKNOWLEDGE THAT I HAVE RECEIVED A COPY OF CERTAIN NOTICES REQUIRED BY LAW, including the New York City Earned Safe and Sick Time Act Notice of Employee Rights, New York City Pregnancy and Employment Rights Notice, New York State Paid Family Leave Notice, New York City Temporary Schedule Change Notice, Commuter Benefits Compliance Form, NY HERO ACT Plan, and the Stop Sexual Harassment Act Factsheet.**

| EMPLOYEE NAME | Guilherme Pedrosa Parreiras | | |
|---|---|---|---|
| SIGNATURE | *[signature]* | DATE | 04/25/2024 |