# HELBRAUN ｜ LEVEY

October 2, 2025

**VIA ECF**

Hon. Analisa Torres
United States District Court
Southern District of New York
500 Pearl Street, Courtroom 15D
New York, NY 10007

> **Re:** ***Milosavljevic, et al. v. Casa Cruz 61, LLC d/b/a Casa Cruz, et al.*;**
> **Case No. 1:25-cv-03490-AT**

Dear Judge Torres:

This firm represents the Defendants, Casa Cruz 61 LLC d/b/a Casa Cruz and Juan Santa Cruz (collectively, "Defendants"), in the above-referenced action. Pursuant to § III.A.ii of Your Honor's Individual Practices in Civil Cases (the "Rules"), Defendants respectfully submit this letter in opposition to Plaintiffs' September 25, 2025 letter seeking leave to file an amended complaint (*see* ECF No. 37) (the "September 25 Letter").

As set forth below, Plaintiffs' request should be denied because (1) the September 25 Letter is procedurally improper, and (2) Plaintiffs have failed to show good cause for not seeking leave to amend before the deadline set forth in the Court's Scheduling Order.

**Plaintiffs' Request Is Procedurally Improper**

On or about April 29, 2025, Plaintiffs commenced the instant action by filing a Collective and Class Action Complaint (the "Complaint") against Defendants. *See* Compl., ECF No. 5. On July 1, 2025, the Court entered a Scheduling Order setting July 31, 2025 as the deadline for motions to amend the pleadings. *See* ECF No. 18 at 1. The Order expressly provides that, "[a]bsent exceptional circumstances," "[a]ny motion to amend…shall be filed within <u>30</u> days from the date of this Order." *Id*. (emphasis in original). Plaintiffs neither sought to extend that deadline nor sought leave to amend before it expired.

On July 19, 2025, in light of the parties' discussions regarding the applicability of arbitration agreements, Defendants filed a letter motion requesting a two-week extension of their deadline to answer or otherwise respond to the Complaint and further asked the Court to toll all existing deadlines, including those set forth in the Scheduling Order. *See* ECF No. 23. By Order dated July 21, 2025, the Court granted the extension to respond to the Complaint but did not grant Defendants' request to toll all other deadlines. *See* ECF No. 24. Despite this clear ruling, Plaintiffs still made no effort to seek leave to amend or to extend the July 31 deadline.

On July 28, 2025, pursuant to Section III.B.ii of Your Honor's Rules, Defendants sent Plaintiff an initial pre-motion letter identifying in detail the bases for dismissal of the Complaint and for a more definite statement. Rather than amend their Complaint then, as encouraged by the Court's Rules, Plaintiffs chose to stand by their defective allegations. *See* J. Torres Rules, § III.B.ii ("Such leave to amend should be sought before the second exchange of letters…Under these circumstances, the Court shall liberally grant the plaintiff leave to amend and will grant the defendant an extension of time to answer the complaint as appropriate."). Indeed, the purpose of this Rule is to prevent exactly this situation—where Plaintiffs are placed on notice of pleading deficiencies but elect to ignore them, forcing Defendants and the Court to expend resources on avoidable motion practice. Yet Plaintiffs neither amended nor sought additional time to do so, opting instead to serve an opposition letter defending their allegations.

Accordingly, on August 4, 2025, pursuant to Section III.B.iii of Your Honor's Rules, Defendants filed their second pre-motion letter with the Court seeking leave to move to dismiss the Complaint, again highlighting for Defendants the Complaint's deficiencies. *See* ECF No. 31. That same day, Plaintiffs filed their own pre-motion letter "seeking leave to move for conditional certification and authorization to send notice." ECF No. 30 at 1. The parties filed their respective opposition letters on August 11, and Defendants filed a reply letter on August 12. *See* ECF Nos. 32—34.

On August 14, 2025, the Court granted Defendants leave to file their motion to dismiss, set a briefing schedule, and held briefing on Plaintiffs' certification motion in abeyance pending the Court's disposition of the motion to dismiss. *See* ECF No. 35. Yet again, Plaintiffs gave no indication that they intended to amend their Complaint.

On September 12, 2025, Defendants timely filed their motion to dismiss. *See* ECF No. 36. Under Section III.B.iv of Your Honor's Rules, Plaintiffs were required—within ten days of receiving Defendants' motion—to notify the Court and Defendants whether they intended to file an amended pleading (and if so, when) or rely on the existing Complaint. Plaintiffs did not comply. Instead, on September 25, 2025, they submitted a one-page letter seeking leave to amend by October 7, 2025. *See* ECF No. 37. The September 25 Letter identifies no proposed amendments, no justification for amendment, and no explanation at all for Plaintiffs' failure to comply with the Court's deadlines. This filing is procedurally improper as Plaintiffs were afforded numerous opportunities to seek leave to amend the Complaint but failed to timely do so. Plaintiffs should not be permitted to disregard the deadlines set forth in Your Honor's Rules and the Scheduling Order, and their request for leave to amend should therefore be denied.

## Plaintiffs Have Failed To Establish The Requisite Good Cause Under Rule 16 For Amending Their Complaint

As this Court has repeatedly held, "[w]here, as here, a plaintiff seeks to amend after the deadline to do so in the court's scheduling order has passed, [it] must first satisfy the 'good cause' requirement of Rule 16" to modify the scheduling order. *Walker v. Thompson*, 2018 WL 4278340, at *3 (S.D.N.Y. Aug. 10, 2018) (Torres, J.); *see also Charles v. City of New York*, 2015 WL 756886, at *2 (S.D.N.Y. Feb. 20, 2015) (Torres, J.) ("for the Court to now grant leave to amend,

[p]laintiff must show good cause"). Where a scheduling order has been entered, it is clear a party cannot simply "wait to 'see how he would fare on [a] motion to dismiss' before seeking leave to amend." *Compania Embotelladora Del Pacifico, S.A. v. Pepsi Cola Co*., 607 F. Supp. 2d 600, 603 (S.D.N.Y. 2009) (alteration in original).

"[A] finding of 'good cause' depends on the diligence of the moving party." *Parker v. Columbia Pictures Indus*., 204 F.3d 326, 340 (2d Cir. 2000); *see also Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 244 (2d Cir. 2007) ("the primary consideration is…diligence"). The Court also may consider "whether allowing the amendment of the pleading at this stage of the litigation will prejudice defendants." *Kassner*, 496 F.3d at 244. Here, both considerations show that Plaintiffs lack good cause for amending their Complaint at this time.

To establish good cause under Rule 16, Plaintiffs "must demonstrate that despite [their] effort, the deadline could not have been reasonably met." *Walker*, 2018 WL 4278340, at *3; *Charles*, 2015 WL 756886, at *2. Diligence is assessed by determining whether the proposed amendment "'rests on information that [Plaintiffs] knew, or should have known, in advance of the deadline.'" *Charles*, 2015 WL 756886, at *2 (citation omitted); *Myers v. Moore*, 326 F.R.D. 50, 64 (S.D.N.Y. 2018) (same). Here, Plaintiffs do not—and cannot—identify any new information discovered after the deadline. Moreover, the September 25 Letter fails to identify any proposed amendments, provides no justification for seeking leave to amend the Complaint at this time and is devoid of any explanation at all for Plaintiffs' failure to comply with the Court's deadlines.

Denial of Plaintiffs' request is especially appropriate here because Plaintiffs have already had multiple "'bite[s] at the apple.'" *Sokol Holdings, Inc. v. BMD Munai, Inc.*, 2009 WL 2524611, at *9–10 (S.D.N.Y. Aug. 14, 2009). Defendants twice identified the Complaint's deficiencies in pre-motion letters and again in their motion to dismiss. At each juncture, Plaintiffs "could have sought to extend the [scheduling order] deadline" but chose not to. *Sokol Holdings, Inc*., 2009 WL 2524611, at *9–10. Allowing Plaintiffs to amend now—after briefing has begun and without any preview of proposed changes—would reward delay, waste judicial resources, and impose additional costs on Defendants, who have already incurred substantial expense in motion practice. *See id.*, at *10 (finding no good cause where plaintiffs "could have sought to extend the motion deadline for amendments" pending a ruling on their appeal, "but failed to do so"). Plaintiffs have failed to demonstrate good cause for their blatant disregard of this Court's Orders, and their request for leave to amend should therefore be denied.

\*\*\*

For the foregoing reasons, Defendants respectfully request that the Court deny Plaintiffs' request for leave to amend their Complaint.

Respectfully submitted,

*/s/ Cynthia J. Park*
Cynthia J. Park
Brianne E. Murphy

Defendants' Response to Plaintiffs' Pre-Motion Letter

Melissa L. Greenberg
Carli P. Miller
**HELBRAUN & LEVEY LLP**
40 Fulton St., 28th Floor
New York, NY 10038
Tel.: (212) 219-1193