```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __10/3/2025__
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LUKA MILOSAVLJEVIC, STEPHANIE JONES, and GUILHERME PARREIRAS, on behalf of themselves and others similarly situated,

                Plaintiffs,

-against-

CASA CRUZ 61, LLC d/b/a CASA CRUZ, and JUAN SANTA CRUZ,

                Defendants.

25 Civ. 3490 (AT)

**ORDER**

ANALISA TORRES, District Judge:

       The Court is in receipt of Plaintiffs' letter requesting leave to file an amended complaint, ECF No. 37, as well as Defendants' response, ECF No. 38. On July 1, 2025, the Court entered a case management plan based on the jointly proposed case management plan submitted by the parties. *See* ECF Nos. 18, 17-1. Paragraph 3 of the plan required that any motion to amend the pleadings be filed by July 31, 2025, *see* ECF No. 18 ¶ 3. In a separate order dated July 21, 2025, the Court granted Defendants' request to extend the deadline to answer, respond to, or otherwise move with respect to the complaint, but denied Defendants' request to stay all other deadlines set forth in the Court's case management plan, emphasizing that "[a]ny additional request for an extension of existing deadlines, including those set forth in the case management plan, shall state with specificity the deadline(s) sought to be extended and a proposed date for the extended deadline." ECF No. 24.

       Plaintiffs now seek leave to amend their complaint on or before October 7, 2025, ECF. No. 37, but they did not request an extension of the deadline to file a motion to amend their pleadings. That deadline—July 31, 2025—has passed. Additionally, Defendants claim that Plaintiffs were provided with an initial pre-motion letter pursuant to Rule III.B.ii of this Court's Individual Practices in Civil Cases concerning Defendants' motion to dismiss, and that Plaintiffs did not file any request with this Court seeking to amend their complaint within the following five business days—the very period where the Court "shall liberally grant the plaintiff[s] leave to amend." *See* ECF No. 38 at 2. Moreover, although Federal Rule of Civil Procedure 15(a)(2) provides that "[t]he court should freely give leave [to amend] when justice so requires," Rule 16(b)(4) requires that "[a] schedule may be modified only for good cause." *See also Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 243 (2d Cir. 2007). And although Rule 15(a)(1)(B) would normally provide Plaintiffs with the opportunity to amend their pleading "as a matter of course," the deadline for doing so in this case is 21 days from the date of service of Defendants' motion to dismiss. Defendants filed their motion on September 12, 2025, *see* ECF No. 36, and the deadline would therefore be today. Rule 15's directive that a party may amend their pleadings "as a matter of course" remains subject to this Court's discretion to order otherwise in a Rule 16 scheduling order, *see Kassner*, 496 F.3d at 243–44.

       Accordingly, Plaintiffs' request to file an amended complaint is GRANTED IN PART and DENIED IN PART. Plaintiffs may file their amended complaint by **October 3, 2025**; if Plaintiffs do

not do so, Plaintiffs may file a renewed motion to amend their complaint by **October 7, 2025**. Any such motion shall be in strict compliance with Rule III.H of the undersigned's Individual Practices in Civil Cases, and shall show good cause for extending the deadline for Plaintiffs to amend their complaint, *see Perfect Pearl Co. v. Majestic Pearl & Stone Inc.*, 889 F. Supp. 2d 453, 457 (S.D.N.Y. 2012).

    SO ORDERED.

Dated: October 3, 2025
       New York, New York

                                                              ANALISA TORRES
                                         United States District Judge