USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __1/13/2026__

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LUKA MILOSAVLJEVIC, STEPHANIE JONES, and GUILHERME PARREIRAS, on behalf of themselves and others similarly situated,

           Plaintiffs,

           v.

CASA CRUZ 61, LLC d/b/a CASA CRUZ, and JUAN SANTA CRUZ,

           Defendants.

Case No: 1:25-cv-3490-AT

## STIPULATION AND PROTECTIVE ORDER

WHEREAS, the parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby

ORDERED that the following restrictions and procedures shall apply to the information and documents exchanged by the parties in connection with the above-captioned action (the "Action"):

1. This Order applies to all information, documents, ESI, tangible things, testimony, and other materials produced, disclosed, or filed in this Action and any copies, excerpts, summaries, or compilations thereof ("Discovery Material").

2. Nothing in this Order limits any Party's use of its own information or precludes any Party from seeking additional protection, modification, or relief from the Court.

3. "Designating Party" means any party named in this Action ("Party" or "Parties") or non-party that designates Discovery Material as "Confidential" or "Highly Confidential – Attorneys' Eyes Only."

4. "Receiving Party" means any Party that receives Discovery Material from a Designating Party.

5. "Confidential" information includes non-public material that a Designating Party in good faith believes contains trade secrets; business strategies; financial data; sensitive pricing; personnel information; medical, payroll, wage-and-hour, schedule, timekeeping, or contact information of employees or putative collective/class members; non-public policies; or other private or proprietary information the disclosure of which

would cause harm or invade privacy.

6.    "Highly Confidential – Attorneys' Eyes Only" ("AEO") is limited to extremely sensitive Confidential information, the disclosure of which to another Party (or non-lawyer representative) would create a substantial risk of serious harm that could not be avoided by less restrictive means (e.g., highly sensitive business strategy, non-public financials, and non-party PII where broader disclosure risks harm).

7.    "Protected Material" means Discovery Material designated as Confidential or AEO in accordance with this Order.

8.    A Designating Party shall affix the legend "Confidential" or "Highly Confidential – Attorneys' Eyes Only" to each page or file containing Protected Material. For native files, a slip-sheet and/or file-name designation suffices.

9.    For depositions, a Party may designate on the record or within 30 days of receiving the transcript by written notice identifying the designated pages/lines. Until the 30-day period expires, the entire transcript is treated as Confidential.

10.    Inadvertent failure to designate does not waive protection. Upon notice, the Receiving Party must treat the material as designated and make reasonable efforts to retrieve any disclosed, undesignated material.

11.    Protected Material shall be used solely for prosecuting, defending, or attempting to resolve this Action and not for any business, competitive, personal, or other purpose.

12.    Disclosure of "Confidential" material may be made to:

(a)    The Court and its personnel;

(b)    Outside and in-house counsel of record, including their staff, vendors, and ESI providers;

(c)    Parties, including officers, directors, and employees to whom disclosure is reasonably necessary;

(d)    Fact and expert witnesses (and their staff) as reasonably necessary for testimony or report preparation, provided they first execute Exhibit A;

(e)    Court reporters/videographers and professional jury/trial consultants, mock jurors, and graphics or ESI vendors, who execute Exhibit A;

(f)    Outside photocopying or database service providers, trial support firms, graphic production services, litigation support services, and translators engaged by the parties during this Action to whom

2

disclosure is reasonably necessary for this Action, who execute Exhibit A;

(g)   Mediators or settlement neutrals who execute Exhibit A;

(h)   Witnesses in the Action to whom disclosure is reasonably necessary during their depositions and deposition preparation, who execute Exhibit A;

(i)   The author, recipient, or custodian of the document or material.

(j)   Other persons only after notice to all parties and upon order of the Court, or upon written consent of the Designating Party, who execute Exhibit A.

13.   Disclosure of "Highly Confidential – Attorneys' Eyes Only" material may be made only to:

(k)   The Court and its personnel;

(l)   Outside counsel of record and their necessary staff and vendors;

(m)   Court reporters/videographers, ESI vendors, and trial consultants who execute Exhibit A;

(n)   Experts who execute Exhibit A and are not current officers, directors, or employees of a Party, nor anticipated to become such during the litigation;

(o)   The author, recipient, or custodian of the material.

14.   Contact Lists and PII: Putative class/collective member names, home addresses, personal phone numbers, email addresses, SSNs, and other PII shall be designated at least "Confidential." SSNs, full dates of birth, financial account numbers, and minors' names shall be redacted in public filings consistent with Fed. R. Civ. P. 5.2.

15.   A Party may challenge a designation at any time. The challenging Party shall first provide written notice identifying the material and the basis for the challenge and confer in good faith.

16.   If no resolution is reached within 7 business days (or as otherwise agreed), the Designating Party must, within 14 days thereafter, move the Court to maintain the designation. The material remains Protected Material until the Court rules.

17.   The Parties may use Protected Material in depositions. The Designating Party may request that only authorized persons be present while discussing Protected Material.

18.     Use of Protected Material at hearings or trial will be addressed by the Parties and the Court at or before such proceedings. Any Party seeking to restrict public access must comply with Judge Torres's Individual Practices regarding sealing and redactions.

19.     No Discovery Material shall be filed under seal automatically, except for Discovery Material not requiring court approval, pursuant to Rule IV(A)(i) in Judge Torres's Individual Practices. If a Party seeks to file Protected Material under seal or in redacted form, it must comply with Judge Analisa Torres's Individual Practices, including Rule(s) governing sealing and redactions, and file a letter motion when required pursuant to Rule IV(A)(ii) setting forth the basis for sealing or redaction with the required supporting materials.

20.     Where a filing contains another Party's designated material, the filing Party shall provide that Party reasonable advance notice (at least 3 business days absent exigency) of the intended filing so that the Designating Party may submit a letter motion to seal or redact consistent with the Court's Individual Practices. The filing Party shall provisionally file the material in accordance with the ECF rules, pending the Court's determination.

21.     If a Receiving Party is served with a subpoena or court order compelling disclosure of Protected Material, it shall promptly notify the Designating Party in writing, provide a copy of the subpoena/order, and refrain from production until the earlier of: (a) the Designating Party's consent; or (b) the time required by law, after the Designating Party has had a reasonable opportunity to seek protection.

22.     Pursuant to Fed. R. Evid. 502(d), the production of documents, ESI, or information subject to the attorney-client privilege, work-product doctrine, or any other protection shall not constitute a waiver of any privilege or protection in this Action or any other federal or state proceeding.

23.     Upon written notice of a claim of inadvertent production, the Receiving Party shall promptly return, sequester, or destroy the specified material and all copies and shall not use or disclose the material until the claim is resolved. The Receiving Party may move the Court to challenge the privilege claim, but may not use the content of the material in support of such motion other than under seal.

24.     The Receiving Party shall exercise reasonable and appropriate care to prevent unauthorized disclosure or use of Protected Material, including maintaining secure storage and limiting access to authorized persons.

25.     The terms of this Order are available to any non-party who produces information in this Action. Non-parties may designate material under this Order and seek additional protections if necessary.

26.     Within 60 days after final disposition of this Action (including final judgment and exhaustion of appeals, or settlement), each Receiving Party shall return or destroy Protected Material and certify compliance in writing.

4

27.     Nothing in this Order constitutes a ruling on discoverability, admissibility, or relevance, or a waiver of any objections, privileges, or protections.

28.     Designations made under this Order do not alter any burden of proof or persuasion.

29.     The Court may modify this Order at any time for good cause. The Parties may seek modification by stipulation or motion. Any practice or procedure not addressed herein shall be governed by Judge Torres's Individual Practices and the Federal Rules.

30.     This Court retains jurisdiction to enforce, modify, or interpret this Order, including after final disposition.

SO STIPULATED AND AGREED:

| /s/ Brian Nettle | /s/ Brianne Murphy |
|---|---|
| *Attorney for Plaintiffs* | *Attorney for Defendants* |
| Nettle Law LLC | Helbraun & Levey LLP |
| Brian E. Nettle | Brianne E. Murphy, Esq. |
| 3119 Newtown Avenue , Suite 502 | Melissa L. Greenberg, Esq. |
| Astoria, New York 11102 | Cynthia J. Park, Esq. |
| Tel: (646) 992-9213 | Carli P. Miller, Esq. |
| geno@nettle-law.com | 40 Fulton Street, 28th Fl. New York, New York 10038 Tel: (212) 219-1193 |
| The Law Offices of Jacob Aronauer | brianne.murphy@helbraunlevey.com |
| Jacob Aronauer | melissa.greenberg@helbraunlevey.com |
| 250 Broadway, Suite 600 | cynthia.park@helbraunlevey.com |
| New York, New York 10007 | carli.miller@helbraunlevey.com |
| Tel: (212) 323-6980 | |
| jaronauer@aronauerlaw.com | |

Nothing in this order shall be construed to supersede the rules governing sealed filings, including Rule IV(A) of the undersigned's Individual Practices in Civil Cases, this Court's Local Rules, and the Electronic Case Filing Rules and Instructions. The parties shall meet and confer in an effort to minimize any redaction or sealing request prior to submitting such request to the Court.

SO ORDERED:

Dated:    January 13, 2026

New York, New York

ANALISA TORRES
United States District Judge

5

**EXHIBIT A**

I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter entitled _____ have been designated as confidential.  I have been informed that any such documents or information labeled "confidential" are confidential by Order of the Court.

I hereby agree that I will not disclose any information contained in such documents to any other person.  I further agree not to use any such information for any purpose other than this litigation.

Print Name: _____

Sign Name: _____

Dated: _____

Signed in the presence of:

_____

(Attorney)

4