**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

<table>
<tr><td>

Luka Milosavljevic, et al., on behalf of themselves and others similarly situated,

Plaintiffs,

-against-

Casa Cruz 61, LLC d/b/a Casa Cruz and Juan Santa Cruz,

Defendants.

</td><td>

1:25-cv-03490 (AT) (SDA)

OPINION AND ORDER

</td></tr>
</table>

**STEWART D. AARON, United States Magistrate Judge:**

Plaintiffs Luka Milosavljevic ("Milosavljevic"), Stephanie Jones ("Jones") and Guilherme Parreiras ("Parreiras") (collectively, "Plaintiffs") bring this action on behalf of themselves and others similarly situated, against Defendants Casa Cruz 61, LLC d/b/a Casa Cruz ("Casa Cruz" or the "Restaurant") and Juan Santa Cruz ("Santa Cruz") (together, "Defendants"), alleging claims under the Fair Labor Standards Act ("FLSA") and the New York Labor Law. (*See* Am. Compl., ECF No. 42, ¶¶ 1-5.)

Presently before the Court is Plaintiffs' motion seeking to conditionally certify a FLSA collective and to approve notice to putative collective members, as well as certain other ancillary relief. (*See* Pls.' 4/8/26 Not. of Mot., ECF No. 76.) For the reasons set forth below, Plaintiffs' motion is GRANTED IN PART and DENIED IN PART.

**BACKGROUND**

Plaintiffs make the following allegations:[1]

Defendant Casa Cruz is a foreign limited liability company with its principal place of business located at 36 East 61st Street, New York, New York 10065. (Am. Compl. ¶ 17.) Defendant Santa Cruz Santa is the founder and owner of Casa Cruz. (*Id*. ¶ 24.) Defendants own and operate a restaurant, lounge, and event space in New York County, New York, doing business under the name, "Casa Cruz." (*Id*. ¶ 31.) Defendants employ a staff of approximately 25 to 40 employees at any given time, including servers, bussers, runners, bartenders and barbacks ("Waitstaff"). (*Id*. ¶¶ 32-33.)

Plaintiff Milosavljevic worked at Casa Cruz as a server from on or about October 17, 2022, through on or about October 20, 2024. (Am. Compl. ¶ 61.) Plaintiff Jones worked at Casa Cruz as a server from on or about April 29, 2024, through on or about December 29, 2024. (*Id*. ¶ 76.) Plaintiff Parreiras worked at Casa Cruz as a server from on or about May 10, 2024, through on or about January 5, 2025. (*Id*. ¶ 86.) Plaintiffs allege, among other things, that Defendants failed to pay minimum wages to Plaintiffs and the Waitstaff by improperly paying them a "tipped" minimum wage without satisfying the tip credit requirements of the FLSA; that Defendants misappropriated tips; and that Defendants failed to pay overtime wages to Plaintiffs and the

---

[1] At the conditional certification stage, courts "should not weigh the merits of the underlying claims," *Hamadou v. Hess Corp.*, 915 F. Supp. 2d 651, 662 (S.D.N.Y. 2013) (citing *Lynch v. United Servs. Auto Ass'n*, 491 F. Supp. 2d 357, 368 (S.D.N.Y. 2007)), and should not "resolve factual disputes, decide substantial issues going to the ultimate merits, or make credibility determinations." *Jackson v. Bloomberg, L.P.*, 298 F.R.D. 152, 158 (S.D.N.Y. 2014) (citing *Lynch*, 491 F. Supp. 2d at 368) (internal quotation marks omitted). Accordingly, for the purposes of resolving the collective certification motion, the Court treats the facts alleged by Plaintiffs as true. *See Cortes v. New Creators, Inc.*, Case No. 15-CV-05680 (PAE), 2015 WL 7076009, at *1 n.1 (S.D.N.Y. Nov. 12, 2015).

Waitstaff. (*Id*. ¶¶ 2, 34-45; *see also* Milosavljevic Decl., ECF No. 79, ¶¶ 7-22, 30-33; Jones Decl., ECF No. 80, ¶¶ 7-20, 28-33; Parreiras Decl., ECF No. 81, ¶¶ 18-20, 25-30.)

## **DISCUSSION**

### I.    **Collective Certification**

Plaintiffs seek conditional certification of the following collective:

> All current and former non-exempt employees who worked for Defendants at Casa Cruz as a Server, Busser, Runner, Bartender, or Barback at any time from April 28, 2022, through the entry of judgment in this matter[.]

(Pls.' 4/8/26 Not. of Mot. ¶ 1.)

#### A.    **Legal Standards**

The FLSA provides that "any one or more employees" may bring an action against an employer "for and in behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b). To become a party to such an action, an employee must file written consent in the court in which the action is brought. *Id.* "Although they are not required to do so by FLSA, district courts 'have discretion, in appropriate cases, to implement [§ 216(b)] . . . by facilitating notice to potential plaintiffs of the pendency of the action and of their opportunity to opt-in as represented plaintiffs." *Myers v. Hertz Corp.*, 624 F.3d 537, 554 (2d Cir. 2010) (quoting *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 169 (1989)).

The Second Circuit has approved a two-step method for the exercise of the Court's discretion. *See Yap v. Mooncake Foods, Inc.*, 146 F. Supp. 3d 552, 560 (S.D.N.Y. 2015) (citing *Myers*, 624 F.3d at 554-55). First, in the step known as "conditional certification," if the named plaintiffs make a "'modest factual showing' that they and potential opt-in plaintiffs 'together were victims of a common policy or plan that violated the law,'" the trial court may make an

initial determination to send notice to potential opt-in plaintiffs. *Myers*, 624 F.3d at 555 (quoting *Hoffmann v. Sbarro, Inc.*, 982 F. Supp. 249, 261 (S.D.N.Y. 1997)). At the second stage, which typically occurs after discovery is complete, the court determines whether the opt-ins are in fact "similarly situated" to the named plaintiffs; if the record reveals that they are not, the court may "de-certify" the collective action and dismiss those plaintiffs' claims without prejudice. *Myers*, 624 F.3d at 555 (citations omitted).

During the initial conditional certification stage, the requirement of a "modest factual showing" cannot be satisfied solely by "unsupported assertions." *Myers*, 624 F.3d at 555. However, because the purpose of this first stage is "merely to determine *whether* 'similarly situated plaintiffs do in fact exist," plaintiffs have a low burden of proof. *Id.* (emphasis in original) (citing *Hoffmann*, 982 F. Supp. at 261). Documents properly considered on a conditional certification motion "include plaintiffs' 'own pleadings, affidavits, declarations, or the affidavits and declarations of other potential class members.'" *Trinidad v. Pret A Manger (USA) Ltd.*, 962 F. Supp. 2d 545, 557-58 (S.D.N.Y. 2013) (quoting *Hamadou*, 915 F. Supp. 2d at 661).

To determine whether members of a collective are similarly situated, "district courts typically review several factors, including (1) the disparate factual and employment settings of the individual plaintiffs; (2) the various defenses available to the defendant which appear to be individual to each plaintiff; and (3) fairness and procedural considerations." *McGlone v. Contract Callers, Inc.*, 49 F. Supp. 3d 364, 367 (S.D.N.Y. 2014). "Plaintiffs need not present evidence for each and every opt-in Plaintiff so long as they can show that Defendants engaged in a policy, plan, or scheme of FLSA violations." *Lynch v. City of New York*, No. 16-CV-05677 (KBF), 2017 WL 4877425, at *3 (S.D.N.Y. Oct. 27, 2017) (internal citation and quotation marks omitted).

**B.**    **Application**

**1.**    **Plaintiffs Have Made The Required Modest Factual Showing**

The Court, in its discretion, finds that Plaintiffs have made their modest showing that the employees in the putative collective were subject to the same policies with respect to Defendant's failure to pay minimum and overtime wages. Plaintiffs filed with the Court Declarations from each of the Plaintiffs reflecting the uniformity of the experience of other Waitstaff who worked for Defendants and how the other Waitstaff are similarly situated to the Plaintiffs. (*See* Milosavljevic Decl. ¶¶ 30-33; Jones Decl. ¶¶ 28-33; Parreiras Decl. ¶¶ 25-30.)

The arguments that Defendants raise in opposition to conditional certification are not appropriately raised at step one. For example, Defendants argue that, because one of the named Plaintiffs (*i.e.*, Parreiras) did not work overtime and because the amount of overtime hours worked by the other two Plaintiffs (*i.e.*, Milosavljevic and Jones) was small, there could not have been a common policy or practice of failing to pay overtime compensation under the FLSA. (*See* Defs.' 5/5/26 Mem., ECF No. 85, at 8-9.) In support of this argument, Defendants cite to *Saunders v. City of New York*, 594 F. Supp. 2d 346, 361-62 (S.D.N.Y. 2008). (*See id*.) However, *Saunders* arose in the context of a plaintiff's motion for partial summary judgment on the issue of liability for failure to pay overtime, after "voluminous document discovery." *See Saunders*, 594 F. Supp. 2d at 363. District Judge Scheindlin denied plaintiff's motion and granted summary judgment in favor of defendant on the failure to pay overtime claim because the evidence submitted to the Court only "recount[ed] a single incident where a plaintiff claim[ed] not to have been compensated for overtime." *Id*. at 363. Here, by contrast, the Court is faced with a motion for collective certification, not a motion for summary judgment, and the Court finds that Plaintiffs

have made the required modest factual showing of a common policy or plan not to pay overtime compensation that was not limited to a single incident with a single employee.

Defendants also argue that there was no common plan regarding tip misappropriation because the three Declarations submitted by Plaintiffs only refer to a single instance where Plaintiff allege that Defendants failed to properly distribute tips. (*See* Defs.' 5/5/26 Mem. at 9.) What Defendants ignore, however, is that Plaintiffs' Declarations recount conversations with co-workers who confirmed that their tips also were being misappropriated by Defendants (*See* Milosavljevic Decl. ¶ 32; Jones Decl. ¶ 31; Parreiras Decl. ¶ 28.) Thus, notwithstanding Defendants' arguments, the Court finds that Plaintiffs have made the required modest factual showing of a common policy or plan to misappropriate tips.

In addition, Defendants refer to a declaration of the Director of Operations of Casa Cruz to dispute Plaintiffs' claims. (*See* Defs.' 5/5/26 Mem. at 11; *see also* Hannon Decl., ECF No. 85-1.) At this stage, however, The Court does not "weigh the merits of the underlying claims." *Hamadou*, 915 F. Supp. 2d at 662.

**2.      It Is Proper To Include Job Titles Different From Those Of Plaintiffs As Part of Collective**

Defendants argue that the Court should limit conditional certification to only the server position, which is the position held by Plaintiffs. (*See* Defs.' 5/5/26 Mem. at 15-16.) The Court disagrees. "[D]ifferent job titles may be included within a conditional collective if there is evidence that plaintiffs may be similarly situated as to a common policy to violate the FLSA." *Taveras v. D & J Real Est. Mgmt. II, LLC*, 324 F.R.D. 39, 41 (S.D.N.Y. 2018) (citing cases). "The mere fact that plaintiffs have different job titles . . . is not relevant to the question of whether they are 'similarly situated,'" and "whether variance of job duties precludes collective treatment is more

appropriately analyzed at the decertification stage of an FLSA collective action, not at the conditional certification stage." *Diaz v. New York Paving Inc.*, 340 F. Supp. 3d 372, 385 (S.D.N.Y. 2018) (quoting *Taveras*, 324 F.R.D. at 44-45).

In the present case, Plaintiffs have identified by name in their declarations individual members of the Waitstaff who worked at the same location as Plaintiffs, held different titles and were subject to the same common policy to violate the FLSA. (*See* Milosavljevic Decl. ¶¶ 31-32; Jones Decl. ¶¶ 30-31; Parreiras Decl. ¶¶ 27-28.) While Plaintiffs' declarations are somewhat conclusory, the Court finds that they are adequate to make the required modest showing that Waitstaff with other job titles were similarly situated with respect to the wage policies about which Plaintiffs complain.

### 3. The Existence Of Arbitration Agreements Does Not Alter The Court's Analysis

Defendant requests the Court to defer ruling on the pending motion for conditional certification until after the Court rules on Defendant's pending motion to dismiss (or compel arbitration of claims asserted by Plaintiffs Jones and Parreiras) based on the arbitration agreements executed by them. (*See* Defs.' 5/5/26 Mem. at 5-7.) Plaintiffs argue that the vast majority of the collective executed arbitration agreements. (*See id*. at 6.)

The Court finds there is no reason to defer conditional certification. "[T]he collective may be conditionally certified and notice given, 'notwithstanding that some or all of the prospective members of the collective may have signed arbitration agreements.'" *Hegazy v. Halal Guys, Inc.*, No. 22-CV-01880 (LGS), 2022 WL 4008237, at *3 (S.D.N.Y. Sept. 2, 2022) (quoting *Zambrano v. Strategic Delivery Sols., LLC,* No. 15-CV-08410 (ER), 2021 WL 4460632, at *10 (S.D.N.Y. Sept. 28, 2021)); *see also Romero v. La Revise Assocs., L.L.C.*, 968 F. Supp. 2d 639, 647 (S.D.N.Y. 2013)

("[C]ourts have consistently held that the existence of arbitration agreements is irrelevant to collective action approval because it raises a merits-based determination.").

The Court notes that one of the named Plaintiffs (*i.e.*, Milosavljevic) and somewhat less than 20% of the collective did not sign an arbitration agreement. (*See* Defs.' 5/5/26 Mem. at 1 (noting that "two-thirds of the [three] Plaintiffs and more than 80% of the putative collective signed valid arbitration agreements"). Thus, even assuming that District Judge Torres compels arbitration, there will remain a collective that can pursue its claims in this action.[2]

## II.    Equitable Tolling

Plaintiffs request that the statute of limitations for opt-in plaintiffs be equitably tolled. (Pls.' 4/8/26 Mem. ECF No. 77, at 12-13.)

### A.    Legal Standards

The FLSA has a two-year state of limitations "except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued." 29 U.S.C. § 255(a). The statute of limitations for each putative collective action member continues to run until he or she files written consent with the court to join the lawsuit. *See id.*; 29 U.S.C. § 256(b); *Hoffmann,* 982 F. Supp. at 260 ("[O]nly by 'opting in' will the statute of limitations on potential plaintiffs' claims be tolled."). Courts have the power to equitably toll the statute of limitations "as a matter of fairness where a [party] has been prevented in some extraordinary way from exercising his rights." *Iavorski v. United States I.N.S.,* 232 F.3d 124, 129 (2d Cir. 2000) (internal citations omitted). However, equitable tolling is only to be applied "in rare and

---

[2] To avoid any future confusion, the notice to be sent to potential opt-in plaintiffs should state that, if they signed an arbitration agreement, they may be compelled to arbitrate and not proceed with their claims in this Court.

exceptional circumstances." *Zerilli-Edelglass v. New York City Transit Auth.,* 333 F.3d 74, 80 (2d Cir. 2003) (cleaned up).

"An extraordinary circumstance might exist if the employee shows that it would have been impossible for a reasonably prudent person to learn of the cause of action . . . or if the defendant concealed from the plaintiff the existence of the cause of action." *Whitehorn v. Wolfgang's Steakhouse, Inc.,* 767 F. Supp. 2d 445, 449 (S.D.N.Y. 2011) (citations omitted). "[B]ecause equitable tolling issues often arise for prospective plaintiffs, courts frequently permit notice to be keyed to an earlier date, such as 'the date of the motion to certify.'" *Pettenato v. Beacon Health Options, Inc.*, 425 F. Supp. 3d 264, 283 (S.D.N.Y. 2019) (citations omitted); *see also Garcia Ramos v. DNC Food Serv. Corp.*, No. 19-CV-02967 (VSB), 2020 WL 2832776, at *9 (S.D.N.Y. June 1, 2020) (delay caused by time required for court to rule on motion for collective certification may be deemed extraordinary circumstance for purposes of equitable tolling).

**B.    Application**

Here, it cannot be determined at this time whether equitable tolling will apply to any future plaintiff who hereafter files a consent to opt in. Thus, the Court finds that it is appropriate for Plaintiffs to include in their notice all potential members of the collective employed by Defendants since April 8, 2023, three years before Plaintiffs' motion to certify was filed, with the understanding that Defendants may challenge the timeliness of individual Plaintiffs' claims in the future. *See Pettenato*, 2019 WL 5587335, at *12; *see also Mogollan v. La Abundancia Bakery & Rest. Inc.*, No. 18-CV-03202 (GBD) (SDA), 2019 WL 5693375, at *7 (S.D.N.Y. Nov. 4, 2019).

9

Taking into account the foregoing, the Court conditionally certifies the following collective of putative opt-in plaintiffs for notice:

> All non-exempt employees who worked for Defendants at Casa Cruz as a Server, Busser, Runner, Bartender or Barback at any time from April 8, 2023, to the present.

### III.    Forms Of Notice And Dissemination Plan

#### A.    Legal Standards

"Upon authorizing the distribution of notice to potential opt-in plaintiffs, the district court maintains broad discretion over the form and content of the notice." *Hernandez v. City of New York*, No. 16-CV-03445 (RA), 2017 WL 2829816, at *6 (S.D.N.Y. June 29, 2017) (quoting *Johnson v. Carlo Lizza & Sons Paving, Inc.*, 160 F. Supp. 3d 605, 612 (S.D.N.Y. 2016)). "When exercising its broad discretion to craft appropriate notices in individual cases, District Courts consider the overarching policies of the collective suit provisions and ensure that putative plaintiffs receive accurate and timely notice concerning the pendency of the collective action, so that they can make informed decisions about whether to participate." *Id*. (quoting *Bittencourt v. Ferrara Bakery & Cafe Inc.*, 310 F.R.D. 106, 116 (S.D.N.Y. 2015)).

#### B.    Application

Plaintiffs have filed a proposed Notice of Collective Action Lawsuit, together with a proposed Consent to Join form (Pls.' Proposed Not., ECF No. 78-1; Proposed Consent, ECF No. 78-2), and Plaintiffs have proposed various means of dissemination of notice. (*See* Nettle Decl., ECF No. 78, ¶ 6 & Exs. C to F (ECF Nos. 78-2 to 78-6); *see also* Pls.' 4/8/26 Mem. at 10-11.) For their part, Defendants dispute certain aspects of the proposed Notice and proposed consent, as well as certain aspects of the proposed dissemination plan. (See Defs.' 5/5/26 Mem. at 18-23.)

10

The Court declines to act as an editor for the current drafting discrepancies. In order to resolve (or at least narrow) the disputes and thereby conserve judicial resources, the parties shall meet and confer to address the forms of notice and dissemination plan.[3] If the parties are able to resolve their disputes, then no later than June 12, 2026, they shall file a joint letter with their proposed notices and dissemination plan. If the parties are unable to agree on the content of the notices and/or the dissemination plan, then no later than June 12, 2026, the parties shall (1) file a joint letter setting forth their disputes; (2) Plaintiffs shall file as an exhibit to the joint letter their proposed forms of notice and consent; (3) Defendants shall file as an exhibit to the joint letter a redline reflecting their requested edits; (4) Plaintiffs shall email to the Court native versions in Word of their proposed forms; and (5) Defendants shall email to the Court "track changes" versions of Plaintiffs' documents reflecting Defendants' requested edits.[4]

## IV.    Plaintiffs' Requests For Information

Plaintiffs seek to have Defendants produce "the names, last known mailing addresses, email addresses, telephone numbers, dates of employment, and positions held for all potential collective members in Microsoft Excel or CSV format within ten (10) days of the Court's Order." (Pls.' 4/8/26 Mem. at 11.) Defendants object to providing telephone numbers, email addresses, positions and dates of employment and argue that, if they are required to provide the information, that they be given 30 days to do so. (*See* Defs.' 5/5/26 Mem. at 23-24.)

---

[3] The Court declines Defendants invitation (*see* Defs.' 5/5/26 Mem. at 20) to appoint a neutral third-party administrator to oversee distribution of the notice, as the Court finds no need for one.

[4] The Court's email address is: Aaron_NYSDChambers@nysd.uscourts.gov

**A.**     **Legal Standards**

Courts in this Circuit "routinely grant plaintiffs' motions to compel production of the names and addresses of potentially similarly situated employees who may wish to 'opt-in' to a collective action" following conditional certification. *See Anglada v. Linens 'N Things, Inc.*, No. 06-CV-12901 (CM) (LMS), 2007 WL 1552511, at *7 (S.D.N.Y. Apr. 26, 2007) (collecting cases), *report and recommendation adopted* (May 22, 2007). Likewise, courts often grant requests for production of telephone numbers, email addresses and dates of employment for potential class members. *See Diatta v. Iguana New York Ltd.*, No. 15-CV-06399 (AT), 2016 WL 2865132, at *6 (S.D.N.Y. May 10, 2016) ("Courts routinely order discovery of names, addresses, and telephone numbers in FLSA actions." (citation omitted)); *see also Munoz v. Grp. US Mgmt. LLC*, 348 F.R.D. 192, 207 (S.D.N.Y. 2025) (requiring production of, inter alia, list of names, addresses, email addresses, telephone numbers, dates of employment and job titles); *Racey v. Jay-Jay Cabaret, Inc.*, 15-CV-08228 (KPF), 2016 WL 3020933, at *10 (S.D.N.Y. May 23, 2016) (ordering defendants to provide "a list of the names, addresses, telephone numbers, email addresses, and dates of employment for potential class members").

**B.**     **Application**

In its discretion, the Court grants Plaintiffs' request for information. The Court finds that this information will assist in the notice process. Accordingly, Defendants shall produce the following information to Plaintiffs' counsel within 21 days: the names, last known mailing addresses, email addresses, telephone numbers, dates of employment and positions held for all potential collective members.

12

## **CONCLUSION**

For the reasons set forth above, Plaintiffs' motion is GRANTED IN PART and DENIED IN PART. Conditional certification of the following collective is granted:

> All non-exempt employees who worked for Defendants at Casa Cruz as a Server, Busser, Runner, Bartender or Barback at any time from April 8, 2023, to the present.

The parties shall meet and confer, and no later than June 12, 2026, file a joint letter (and, if applicable, transmit native versions of documents), as set forth in Discussion Section III.B., *supra*.

Within 21 days of the date of this Order, Defendants shall produce the following information to Plaintiffs' counsel in Microsoft Excel or CSV format: the names, last known mailing addresses, email addresses, telephone numbers, dates of employment and positions held for all potential collective members.

**SO ORDERED.**

Dated:     New York, New York
             May 30, 2026

_____
STEWART D. AARON
United States Magistrate Judge