**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**Luka Milosavljevic, et al., on behalf of themselves and others similarly situated,**

**Plaintiffs,**

**-against-**

**Casa Cruz 61, LLC d/b/a Casa Cruz and Juan Santa Cruz,**

**Defendants.**

**1:25-cv-03490 (AT) (SDA)**

**OPINION AND ORDER**

**STEWART D. AARON, United States Magistrate Judge:**

Pending before the Court in this wage-and-hour case is a request by Defendants Casa Cruz 61, LLC d/b/a Casa Cruz ("Casa Cruz") and Juan Santa Cruz ("Santa Cruz") (together, "Defendants") for a stay of remaining discovery. (*See* Defs.' 7/15/26 Ltr., ECF No. 101.) For the reasons set forth below, Defendants' request is GRANTED and the Court hereby ORDERS that discovery is stayed until the latter of two events: (1) the disposition of Defendants' pending motion to dismiss, or (2) the settlement conference currently scheduled for October 21, 2026.

## BACKGROUND

On April 28, 2025, Plaintiffs Luka Milosavljevic ("Milosavljevic"), Stephanie Jones ("Jones") and Guilherme Parreiras ("Parreiras") (collectively, "Plaintiffs") filed this action, on behalf of themselves and others similarly situated, against Defendants alleging claims under the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL").[1] (*See* Compl., ECF No. 5.) On September 12, 2025, Defendants filed a motion to dismiss the Complaint or, in the alternative,

[1] Due to a filing error, the Complaint was refiled on April 29, 2025.

to compel arbitration. (*See* Defs.' 9/12/25 Not. of Mot., ECF No. 36-10.) On October 10, 2025, Plaintiffs filed a First Amended Complaint ("FAC"), with leave of Court. (*See* FAC, ECF No. 42; 10/9/25 Order, ECF No. 41.)

On October 20, 2025, pursuant to the Individual Practices of District Judge Torres, Defendants sent Plaintiffs an initial pre-motion letter identifying the bases upon which they would seek leave to move to dismiss the FAC. (*See* Defs.' 10/31/25 Ltr., ECF No. 44, at 2.) On October 27, 2025, Plaintiffs filed a Letter Motion seeking leave to file a Second Amended Complaint ("SAC") to address the deficiencies stated in Defendants' October 20, 2025 pre-motion letter (*see* Pls.' 10/27/25 Ltr. Mot., ECF No. 43), which Defendants opposed. (*See* Defs.' 10/31/25 Ltr. Resp., ECF No. 44.) On November 4, 2025, Defendants filed a Letter Motion seeking leave to move to dismiss the FAC (*see* Defs.' 11/4/25 Ltr. Mot., ECF No. 45), which Plaintiffs opposed. (*See* Pls.' 11/7/25 Ltr. Resp., ECF No. 46.) On December 12, 2025, Judge Torres entered an Order setting a briefing schedule for Defendants' motion to dismiss the FAC and stating that the Court would consider Plaintiffs' Letter Motion for leave to file their SAC alongside Defendants' motion to dismiss. (12/12/25 Order, ECF No. 48.)

On January 9, 2026, Defendants filed a motion to dismiss the FAC or, in the alternative, to compel arbitration. (*See* 1/9/26 Not. of Mot., ECF No. 50.) In support of their motion, Defendants submitted arbitration agreements that had been signed by Plaintiff Jones and Plaintiff Parreiras, in which they agreed to arbitrate "any controversy or claim arising out of or relating to their employment relationship with" Casa Cruz and its subsidiaries. (*See* Jones Arb. Agmt., ECF No. 52-5, ¶ 1; Parreiras Arb. Agmt., ECF No. 52-6, ¶ 1.) On February 8, 2026, Plaintiffs filed their opposition papers (*see* Pls.' 2/8/26 Opp. Mem., ECF No. 62; Nettle 2/8/26 Decl., ECF

No. 63.) On February 27, 2026, Defendants filed their reply memorandum. (*See* Defs.' 2/27/26 Reply, ECF No. 64.) Defendants' motion to dismiss the FAC is *sub judice*, as is Plaintiffs' motion to file their SAC.

On March 11, 2026, this action was referred to the undersigned for general pretrial purposes. (*See* 3/11/26 Order of Ref., ECF No. 70.) On March 25, 2026, the Court entered a Case Management Plan, providing that fact discovery is to be completed by September 25, 2026. (*See* 3/25/26 Case Mgt. Plan, ECF No. 75, at 2.) There have been no extensions of this deadline since it was set.

On May 30, 2026, this Court granted conditional certification of a collective consisting of "[a]ll non-exempt employees who worked for Defendants at Casa Cruz as a Server, Busser, Runner, Bartender or Barback at any time from April 8, 2023, to the present." (5/30/26 Order, ECF No. 89, at 13.) Following a telephone conference with the parties (*see* 7/6/26 Order, ECF No. 97), and based upon the dates proposed by the parties, the Court scheduled a settlement conference to occur on October 21, 2026. (*See* 7/14/26 Order, ECF No. 100.)

In a letter to the Court, dated July 15, 2026, Defendants requested a stay of remaining discovery. (*See* Defs.' 7/15/26 Ltr. at 2.) Following a telephone conference with the parties on July 29, 2026, the Court entered an Order requiring Plaintiffs to file a letter addressing why a stay of further discovery should not be granted and requiring Defendants to file a reply. (7/29/26 Order, ECF No. 108, ¶ 2.) On August 5, 2026, Plaintiffs filed their required letter opposing the stay. (*See* Pls.' 8/5/26 Ltr., ECF No. 111.) On August 12, 2026, Defendants filed their required reply letter. (*See* Defs.' 8/12/26 Ltr. Reply, ECF No. 112.) Also on August 12, 2026, Plaintiffs filed a letter

asking the Court to accept an attached sur-reply (*see* Pls.' 8/12/26 Ltr., ECF No. 113), which Defendants opposed. (*See* Defs.' 8/14/26 Ltr. Resp., ECF No. 116.)

## LEGAL STANDARDS

"'[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *Salese v. JP Morgan Chase & Co.*, No. 23-CV-00153 (GRB) (JMW), 2023 WL 5047890, at *1 (E.D.N.Y. Aug. 8, 2023) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). "The pendency of a dispositive motion is not, in itself, an automatic ground for a stay." *Weitzner v. Sciton, Inc.*, No. 05-CV-02533 (SLT) (MDG), 2006 WL 3827422, at *1 (E.D.N.Y. Dec. 27, 2006). Instead, Fed. R. Civ. P. 26(c)(1) allows a court "for good cause, [to] issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]" *Gross v. Madison Square Garden Ent. Corp.*, No. 23-CV-03380 (LAK) (JLC), 2023 WL 6815052, at *1 (S.D.N.Y. Oct. 17, 2023) (citations omitted). To that end, upon a showing of good cause, "a district court has considerable discretion to stay discovery pursuant to Rule 26(c)." *Id*. (citations and quotation marks omitted). Moreover, the Court has an obligation to ensure that discovery proceeds in a manner that is proportional to the needs of the case. *See* Fed. R. Civ. P. 26(b).

## DISCUSSION

Having considered all the filings of the parties and the record as a whole, the Court finds in its discretion that a stay of remaining discovery is warranted for two principal reasons. First, the Court has reviewed the parties' submissions regarding the pending motion to dismiss the FAC. Although the Court is dubious that the entire case will be dismissed by Judge Torres with prejudice, the Court finds substantial merit in the argument that many of the claims in this case

should be compelled to arbitration. Jones and Parreiras, as well as a majority of the collective, executed arbitration agreements, in which they agreed to arbitrate any claim arising out of or relating to their employment relationship with Casa Cruz and its subsidiaries. (*See* Defs.' 5/5/26 Mem., ECF No. 85, at 1 (noting that "two-thirds of the [three] Plaintiffs and more than 80% of the putative collective signed valid arbitration agreements"); *see also* Jones Arb. Agmt., Parreiras Arb. Agmt.) There is a strong federal policy favoring arbitration as an alternative means of dispute resolution, *see Daly v. Citigroup Inc.*, 939 F.3d 415, 421 (2d Cir. 2019), and courts in this Circuit routinely compel arbitration of FLSA and NYLL claims. *See*, *e.g.*, *Diaz v. Wanrong Trading Corp.*, 810 F. Supp. 3d 379, 392-93 (E.D.N.Y. 2025). Accordingly, the decision by Judge Torres on the pending motion to dismiss the FAC could significantly narrow the claims at issue.

Second, defense counsel has represented to the Court that the "cost of the lawsuit coupled with ongoing discovery and other costs threaten the viability of this organization" and that, "[a]s a result, Defendants are in a precarious financial situation." (6/30/26 Joint Ltr., ECF No. 94, at 1.) Applying proportionality principles, the Court finds that Defendants' limited monetary resources would be better spent towards settling this case rather than towards attorneys' fees incurred in continued discovery. In sum, the Court finds that a discovery stay will assist in securing the just, speedy and inexpensive determination of this case. *See* Fed. R. Civ. P. 1.

## **CONCLUSION**

By reason of the foregoing, it is hereby ORDERED that discovery is stayed until the latter of two events: (1) the disposition of Defendants' pending motion to dismiss, or (2) the settlement conference currently scheduled for October 21, 2026.

The Clerk of Court is respectfully requested to cancel the gavel at ECF No. 111.

**SO ORDERED.**

Dated: New York, New York
August 18, 2026

Stewart d. Aaron

STEWART D. AARON
United States Magistrate Judge