USDC SDNY
DCUMENT
ELECTRONICALLY FILED
DOC #: ________________
DATE FILED: _11/24/2026_

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LUKA MILOSAVLJEVIC, STEPHANIE JONES, and GUILHERME PARREIRAS, on behalf of themselves and others similarly situated,

Plaintiffs,

-against-

CASA CRUZ 61, LLC d/b/a CASA CRUZ, and JUAN SANTA CRUZ,

Defendants.

25 Civ. 3490 (AT) (SDA)

**ORDER**

ANALISA TORRES, District Judge:

Plaintiffs, Luka Milosavljevic, Stephanie Jones, and Guilherme Parreiras, appeal the Honorable Stewart D. Aaron's October 29, 2026 scheduling orders (the "Orders"). *See* Case Management Plan, ECF No. 135; Endorsed Mem., ECF No. 134; *see also* Pls. Objs., ECF No. 142. For the reasons stated below, the Orders are AFFIRMED.

Plaintiffs bring eight causes of action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq., and New York Labor Law ("NYLL"), on behalf of themselves and others similarly situated. *See* Second Am. Compl. ¶¶ 176–234, ECF No. 127. Plaintiffs claim that Defendants violated state and federal wage-and-hour laws in multiple ways, most of which relate to a tip credit that Plaintiffs contend Defendants impermissibly claimed on their wages. *See generally id.* On May 30, 2026, the Judge Aaron conditionally certified a FLSA collective of "[a]ll non-exempt employees who worked for Defendants at Casa Cruz as a [s]erver, [b]usser, [r]unner, [b]artender or [b]arback at any time from April 8, 2023, to the present." ECF No. 89 at 13. On September 14, 2026, the Court stayed Jones' and Parreiras' claims pending arbitration, dismissed two of Milosavljevic's NYLL claims, and permitted Milosavljevic's remaining FLSA and NYLL claims to proceed. *See* ECF No. 126 at 24–25.

The Orders govern the parties' deadlines for discovery, amendment, and joinder. *See* Case Management Plan; Endorsed Mem. Judge Aaron set a December 31, 2026 deadline for amended pleadings and joinder of parties. *See* Case Management Plan ¶¶ 7(a)–(b). Plaintiffs, by contrast, had proposed discovery-dependent amendment/joinder applications so that they could determine whether another entity, JF Restaurants, exercised control over Plaintiffs' employment. *See* Pl. Objs. at 6; *see also* Endorsed Mem. at 2. Judge Aaron also did not adopt Plaintiffs' proposed deadline for Defendants' production supplementation. *Compare* Endorsed Mem. at 1, *with* Case Management Plan at 2–3.

Federal Rule of Civil Procedure 72(a) provides that the district judge to whom a case is assigned shall consider a party's objection to a magistrate judge's order on a non-dispositive matter and shall "modify or set aside any part of the order that is clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a). An order is clearly erroneous if the reviewing court is "left with the

definite and firm conviction that a mistake has been committed." *Easley v. Cromartie*, 532 U.S. 234, 242 (2001) (citation and internal quotation marks omitted). An order "is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Galloway v. Cnty. of Nassau*, 589 F. Supp. 3d 271, 277 (E.D.N.Y. 2022) (quotation marks and citation omitted).

Plaintiffs argue that the Orders are clearly erroneous because Judge Aaron established a deadline for amendment and joinder that fails to account for the "[d]ocumented [d]iscovery [d]ependency" of Plaintiffs' repleading decision. *See* Pls. Objs. at 8. However, as Plaintiffs acknowledge, *see* Pls. Objs. at 8, Federal Rule of Civil Procedure 16(b)(4) allows them to seek a modification to the Orders by showing good cause. Fed. R. Civ. P. 16(b)(4). Judge Aaron's decision to set a December 31, 2026 deadline for amendment and joinder, notwithstanding the outstanding discovery, does not preclude him from determining after the deadline that Plaintiffs' diligence and lack of prior access to relevant facts entitle them to the opportunity to replead. *See, e.g.*, *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340 (2d Cir. 2000) (explaining that good cause depends on the moving party's diligence). The Court, therefore, sees no reason to conclude that "a mistake has been committed." *Cromartie*, 532 U.S. at 242 (citation and internal quotation marks omitted).

Additionally, Judge Aaron did not misapply Rule 16(b)(4). Plaintiffs argue that Judge Aaron failed to "account[] for Plaintiff's diligence" when issuing the Orders. Pls. Objs. at 9–10. But the appropriate time to consider Plaintiffs' diligence under Rule 16(b)(4) in this context is if and when Plaintiffs untimely seek to amend their Complaint, not when establishing the scheduling order. *See, e.g.*, *Parker*, 204 F.3d at 340–41; *Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 243 (2d Cir. 2007); *Salomon v. Adderley Indus., Inc.*, 960 F. Supp. 2d 502, 507 (S.D.N.Y. 2013). The Orders, therefore, are not contrary to law. *See Galloway*, 589 F. Supp. 3d at 277.

Accordingly, the Order is AFFIRMED.

SO ORDERED.

Dated: November 24, 2026
New York, New York

ANALISA TORRES
United States District Judge